496 A.2d 777

**COMMONWEALTH of Pennsylvania**

v.

**Richard W. WHETSTINE, Appellant.**

Superior Court of Pennsylvania.

Argued April 9, 1985.

Filed July 26, 1985.

Harold Gondelman, Pittsburgh, for appellant.

Ellen L. Cohen, Assistant District Attorney, Williamsport, for Commonwealth, appellee.

Before WIEAND, CIRILLO and JOHNSON, JJ.

CIRILLO, Judge:

Richard Whetstine appeals from the judgment of sentence entered December 2, 1983 in the Court of Common Pleas of Blair County. He alleges that his speedy trial rights were violated and that he was illegally and improperly sentenced.

Whetstine first argues that two extensions of time to commence trial were improperly granted to the Commonwealth under Pa.R.Crim.P. 1100(c). Whetstine's trial counsel specifically in writing and orally on the record waived any challenge to these extensions before the court granted them. Whetstine contends, however, that counsel was ineffective for doing so.

The Supreme Court has held that when defense counsel fails to object to a Commonwealth petition for an extension of time under Rule 1100, the defendant will not be discharged after trial unless his underlying constitutional right to a speedy trial has been denied. *Commonwealth v. Crowley*, 502 Pa. 393, 466 A.2d 1009 (1983). Although this statement in *Crowley* was dictum, it has been followed by the Superior Court. *See Commonwealth v. Wells*, 322 Pa.Super. 380, 469 A.2d 672 (1983); *see also Commonwealth v. Lafty*, 333 Pa.Super. 428, 482 A.2d 643 (1984) (Spaeth, P.J., concurring); *cf. Commonwealth v. Knupp*, 340 Pa.Super. 304, 490 A.2d 1 (1985) (Opinion by Johnson, J.) (issue not reached) (petition for allocatur filed). Whetstine does not maintain that there was a speedy trial violation

of constitutional dimension, nor does the record support such a claim. *Cf. Commonwealth v. Terfinko*, 504 Pa. 385, 474 A.2d 275 (1984) (finding no violation of constitutional right to speedy trial). Thus, we dismiss this issue as meritless.

Whetstine next contends that the multiple sentences imposed on him should merge. The jury that heard the case found him guilty of burglary, criminal attempt (involuntary deviate sexual intercourse), indecent assault, indecent exposure, simple assault, terroristic threats, and disorderly conduct; the court imposed a separate sentence on each count.

■■■ The doctrine of merger of offenses for sentencing insures that separate sentences are not imposed for what in practical effect was a single criminal act. *Commonwealth v. Crocker*, 280 Pa.Super. 470, 421 A.2d 818 (1980). In deciding whether offenses merge, the question is whether the offenses charged "necessarily involve" one another, or whether any additional facts are needed to prove additional offenses once the primary offense has been proven. *See Commonwealth v. Ayala*, 492 Pa. 418, 424 A.2d 1260 (1981). In deciding merger questions, we focus not only on the similarity of the elements of the crimes, but also, and primarily, on the facts proved at trial, for the question is whether those facts show that in practical effect the defendant committed but a single criminal act. *Commonwealth v. Boettcher*, 313 Pa.Super. 194, 459 A.2d 806 (1983).

■■■ Additionally, we note that analysis of merger claims traditionally has revolved around the concept of injury to the sovereign; in order to support the imposition of more than one sentence, it must be found that the defendant's conduct constituted more than one injury to the Commonwealth. *Commonwealth v. Sanders*, 339 Pa.Super. 373, 489 A.2d 207 (1985); *Commonwealth v. Padden*, 335 Pa.Super. 51, 483 A.2d 950 (1984); *cf.* 18 Pa.C.S. § 110(1)(iii)(A) (multiple convictions permitted when same conduct violates different statutory provisions "intended to prevent substantially different harm[s] or evil[s]. . . .").

■ In applying the doctrine of merger, we are obliged to interpret the verdict not in the light of theoretical possibilities, but rather in the light of common sense. *Commonwealth v. Newman,* 323 Pa.Super. 394, 470 A.2d 976 (1984). The inquiry depends to some extent on the "unique facts" of each case. *See Commonwealth v. Belgrave,* 258 Pa.Super. 40, 391 A.2d 662 (1978) (Cercone, J., concurring and dissenting).

We must therefore review the evidence and charges against Whetstine to determine whether any of his convictions should have merged.

Whetstine entered the home of his victim surreptitiously and uninvited. When the victim came in, Whetstine was seated at the kitchen table; he remarked that he would like to "put his cock" in her. As the victim retreated into her living room, Whetstine followed and kissed her on the mouth. She tried to push him away, whereupon he forced her down onto the couch. After a brief tussle they fell onto the floor, and Whetstine sat on the victim's chest and tried to put his penis in her mouth. She resisted by moving her head back and forth. Whetstine tried to hold her head still, but was unable to achieve penetration. He then lifted his body up and masturbated on her breast. When he had finished, he allowed her to leave.

■ There is statutory authority for the proposition that, on these facts, burglary did not merge with any of the other offenses charged. 18 Pa.C.S. § 3502(d) provides that "A person may not be convicted both for burglary and for the offense which it was his intent to commit after the burglarious entry or for an attempt to commit that offense, unless the additional offense constitutes a felony of the first or second degree." *See Commonwealth v. Jefferson,* 307 Pa.Super. 18, 452 A.2d 881 (1982) ("conviction" as used in this provision refers to judgment of sentence, not verdict). The Commonwealth's theory and evidence on the charge of burglary was that Whetstine entered the victim's home intending to commit rape or involuntary deviate sexual intercourse. Involuntary deviate sexual intercourse, the

only crime which Whetstine both intended and attempted to commit upon entering the premises, is a first-degree felony. Therefore under the clear intendment of Section 3502(d) the attempt charge did not merge with burglary. *Accord, Commonwealth v. Simpson,* 316 Pa.Super. 115, 462 A.2d 821 (1983). As for the other offenses, it was not charged or proven that Whetstine intended to commit these offenses when he made the illegal entry. The statute therefore would not require their merger into burglary. *Cf. Commonwealth v. Gallagher,* 341 Pa.Super. 152, 491 A.2d 196 (1985) (no merger under 18 Pa.C.S. § 906 of two inchoate offenses designed to culminate in commission of different crimes). Moreover, these other offenses were not merely incidental to the burglary, but were based on additional acts committed after he entered the premises. Our common sense review of the facts convinces us that none of the other charges was in practical effect the same offense as burglary. *See Commonwealth ex rel. Moszczynski v. Ashe,* 343 Pa. 102, 21 A.2d 920 (1941).

■ We next turn to examine whether any of the other offenses merged with attempted involuntary deviate sexual intercourse. This crime occurred when the defendant tried forcibly to place his penis in the victim's mouth. The additional offense of indecent assault, as charged and proven in this case, consisted of the separate and distinct injurious act of ejaculating on the victim's breast. Thus, Whetstine could properly be punished for both crimes. *Accord, Commonwealth v. Wojciechowski,* 285 Pa.Super. 1, 426 A.2d 674 (1981) (allocatur denied); *see also Commonwealth v. Klinger,* 323 Pa.Super. 181, 470 A.2d 540 (1983) (separate convictions for involuntary deviate sexual intercourse and two indecent assaults based on three acts committed during one episode); *cf. Commonwealth v. Schilling,* 288 Pa.Super. 359, 431 A.2d 1088 (1981) (charges of rape and indencent assault based on single act of intercourse merged).

■ However, we are of the opinion that indecent exposure merged with the other sexual crimes. To prove

the exposure charge the Commonwealth relied basically on the same facts used to establish the other two sex offenses. The gravamen of indecent exposure is the exposure of one's genitals under circumstances where the actor knows his conduct is likely to cause affront or alarm. *See* 18 Pa.C.S. § 3127. The crime of indecent assault was created because of a concern for the outrage, disgust, and shame engendered in the victim. *Commonwealth v. Capers,* 340 Pa.Super. 136, 489 A.2d 879 (1985) (petition for allocatur filed). We are unable to see how the fact that the defendant exposed himself to the victim could have caused any injury in the way of affront or alarm beyond that already foisted upon her by the acts of attempted oral sex and indecent assault. The separate sentence for indecent exposure will be vacated.

We find also that simple assault merged with attempted involuntary deviate sexual intercourse. The Commonwealth's theory of simple assault was that by holding the victim's head in his hands while trying to penetrate her mouth, Whetstine attempted by physical menace to put her in fear of imminent serious bodily injury, *see id.* § 2701(a)(3). Clearly, this act on the part of the defendant was one of the same acts the Commonwealth relied upon to prove forcible compulsion or threat of forcible compulsion, a necessary element of the crime of involuntary deviate sexual intercourse, *see id.* § 3123(1), (2). The simple assault supplied the forcible compulsion used to try to overcome the victim's resistance to the sex act. The assault and the attempted forcible sex act were part and parcel to the same injury. Under these circumstances, the crimes merge. *Accord, Sanders, supra; Simpson, supra.*

To prove terroristic threats the Commonwealth adduced Whetstine's statement before the actual attack that he wanted to "put his cock" in the victim, on the theory that this was a threat to commit rape. This threat clearly was accomplished by an act separate from the acts used to establish the actual assault. It is our considered view that separate injuries to the Commonwealth accrue when an

actor threatens to do harm, then proceeds to carry out the threat or to harm the victim in some other fashion. *Cf. Commonwealth v. Cavanaugh*, 278 Pa.Super. 542, 420 A.2d 674 (1980) (Court upheld separate sentences for assault and terroristic threats, among others); *cf. also Wojciechowski, supra* (successive acts of sexual abuse were separately punishable crimes). Terroristic threats here must be deemed to have been a separate and discrete offense that did not merge with the foregoing crimes.

Finally, with regard to the disorderly conduct charge, the Commonwealth relied on precisely the same facts that went to establish several of the more serious offenses. A common sense approach to the evidence and the theory upon which this case was tried shows that the sexual invasions and threats perpetrated on the victim necessarily involved the disorderly conduct for which the defendant was charged. The acts used to prove disorderly conduct caused no injury to the victim or the Commonwealth that was not already included in the other offenses. Disorderly conduct therefore merged with any or all of the other crimes Whetstine committed after entering the victim's home, and it should not have been punished separately. *See Newman, supra.*

Under this Court's customary practice we would remand this case to the trial court for resentencing in light of the possibility that the court might have sentenced appellant differently on the remaining counts had it known we would vacate some of the sentences. *See id.* However, the recent Supreme Court decision in *Commonwealth v. Goldhammer*, 507 Pa. 236, 489 A.2d 1307 (1985), leads us to believe that this practice is no longer permissible. In *Goldhammer* the Court decided that to resentence a defendant on counts left standing after related counts were struck down on statute of limitations grounds would violate the constitutional prohibition on double jeopardy. The Court did not limit its holding to the statute of limitations context, but in sweeping language stated: "we are being requested to permit the trial court to alter a sentence legally imposed

under an information because of a subsequent appellate court ruling vacating the sentence imposed on another information. . . . [I]t would be inexplicable to conclude that the Commonwealth's request in this appeal meets constitutional mandate." 507 Pa. at 254, 489 A.2d at 1316. We conclude that the rationale and holding of *Goldhammer* would disallow any enhancement of Whetstine's sentence on the remaining counts were we to remand this case for resentencing.

However, Whetstine advances reasons of his own why this case should be remanded to the sentencing court. Namely, he argues that the sentence imposed was manifestly excessive, that the court failed to state sufficient reasons for the sentence on the record so as to comply with *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977) (plurality opinion), and that the court imposed a fine without determining Whetstine's ability to pay.

■■■ In announcing the judgment of the Court in *Riggins*, Justice Roberts also made clear that a challenge to the propriety of a sentence must first be raised in the trial court to provide that court with an opportunity to modify the sentence or explain the reasons for the sentence imposed. It is now beyond cavil that a defendant who fails to properly raise claims of sentencing error in the trial court waives such claims for purposes of appellate review. *Commonwealth v. Martin*, 328 Pa.Super. 498, 477 A.2d 555 (1984) (en banc); *see also* Pa.R.A.P. 302(a), 2117(c), 2119(e). As Whetstine never presented his claims of sentencing error at the sentencing hearing or in a motion to modify sentence pursuant to Pa.R.Crim.P. 1410, these issues are waived. *Commonwealth v. Tomasso*, 311 Pa.Super. 103, 457 A.2d 514 (1983), *aff'd on other grounds*, 506 Pa. 344, 485 A.2d 395 (1984); *see also* Pa.R.Crim.P. 1405(c); *Commonwealth v. Stufflet*, 291 Pa.Super. 516, 436 A.2d 235 (1981).

■■■ Of course, the merger issues addressed earlier go to the very legality of the sentence, and cannot be waived.

*Commonwealth v. Franklin,* 306 Pa.Super. 422, 430 n. 4, 452 A.2d 797, 801 n. 4 (1982).

In accordance with the foregoing opinion, we order that the sentences imposed for indecent exposure, simple assault, and disorderly conduct be vacated; otherwise judgment of sentence affirmed.