522 A.2d 17

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Regis C. TULADZIECKI, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 18, 1986.

Decided March 10, 1987.

Lester G. Nauhaus, Public Defender, John H. Corbett, Jr., Chief—Appellate Div., Office of Public Defender, Pittsburgh, for appellant.

Robert Colville, Dist. Atty., Robert L. Eberhardt, Deputy Dist. Atty., Pittsburgh, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

ZAPPALA, Justice.

The Appellant, Regis Tuladziecki, pleaded guilty to violations of the Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. §§ 780–113(a)(16), (30), arising out of the possession of Percodan, Preludin, and Quaalude tablets and the delivery of cocaine and Percodan to an informant. As to four of the charges the trial court adjudged Tuladziecki guilty without further penalty, 42 Pa.C.S. § 9753. On the charge of selling Percodan tablets, the court imposed a sentence of $1,000 fine and five years probation. On the Commonwealth's appeal, Superior Court held that the sentence was outside the sentencing guidelines and unreasonable, reversed the judgment of sentence, and remanded for resentencing. 346 Pa.Super. 636, 499 A.2d 402 (1985). We granted allowance of appeal to examine the procedure by which the Commonwealth obtained Superior Court review of Tuladziecki's sentence.

Appellate review of sentences is governed statutorily, by Subchapter G of the Sentencing Code, 42 Pa.C.S. § 9781. It is not disputed that the sentence imposed in this case was legislatively permitted. Accordingly, the legality of the sentence is not implicated and any appeal therefrom is not as of right under subsection (a). Rather, subsection (b) providing for appeal of the discretionary aspects of sentences by allowance controls.

The defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of a sentence for a felony or a misdemeanor to the appellate court that has initial jurisdiction for such appeals. Allowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter.

42 Pa.C.S. § 9781(b). Pursuant to our authority to "prescribe general rules governing practice, procedure and the conduct of all courts," Pa. Const., Art. V, § 10(c), this Court has promulgated rules to implement this statutory provision. Specifically, by Note accompanying Pennsylvania Rule of Appellate Procedure 902, we have provided that a notice of appeal under that rule "operates as the 'petition for allowance of appeal' under the Sentencing Code." "In effect, the filing of the 'petition for allowance of appeal' contemplated by the statute is deferred by these rules until the briefing stage, where the question of the appropriateness of the discretionary aspects of the sentence may be briefed and argued in the usual manner." *Id.*

Pa.R.A.P. 2116(b) provides that

[a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall include any questions relating to the discretionary aspects of the sentence imposed (but not the issue whether the appellate court should exercise its discretion to reach such question) in the statement [of questions involved] required by Subdivision (a). Failure to comply with this subdivision shall constitute a waiver of all issues relating to the discretionary aspects of sentence.

Additionally, Pa.R.A.P. 2119(f) mandates that

[a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the

argument on the merits with respect to the discretionary aspects of sentence.

■ Examination of the brief the Commonwealth filed with Superior Court clearly reveals its failure to comply with this latter requirement. Nevertheless, Superior Court rejected Tuladziecki's argument that the Commonwealth was required to set forth in a separate section of its brief reasons why its appeal should be granted. Relying on the language of the Note to Rule 902 that "the question of the appropriateness of the sentence may be briefed and argued in the usual manner," the court, apparently after reviewing the Commonwealth's brief and argument on the merits of the question, determined that the appeal had raised a substantial question and decided to "allow the appeal." *See* Slip Opinion at 1, n. 1. This was error.

It must first be observed that our rules make a careful distinction between "questions relating to the discretionary aspects of the sentence" and "the issue whether the appellate court should exercise its discretion to reach such question." Pa.R.A.P. 2116. Recognizing this distinction, the language from the Note to Pa.R.A.P. 902, quoted in footnote 1 of the Superior Court's Memorandum, speaks only to the fact that the appellant is to supply his brief, with argument on the merits of the question, at the same time as he provides his concise statement of the reasons relied upon for allowance of appeal. It does not and cannot obviate the need for such a statement.

The procedure outlined in the Note accompanying Rule 902 was published in the interest of maintaining consistency between practice under this section of the Sentencing Code and typical appellate practice in Superior Court, which does not ordinarily have discretion as to the exercise of its jurisdiction. It is recognized that this procedure compels a defendant to go substantially through the appellate process —i.e., engaging a lawyer, preparing and filing a responsive brief, etc.—before the Commonwealth has met its statutory burden of showing the existence of a "substantial question" that the sentence imposed is inappropriate. It is assumed,

however, that in practice, were the Commonwealth required to file a separate petition for allowance of appeal, a defendant would not likely remain uninvolved in the proceedings until after appeal had been allowed. Rather it is anticipated that a defendant would retain trial counsel or another attorney to take appropriate action in opposition to such a petition, *compare* Pa.R.A.P. 1116, a process not much less involved than that under present practice.

■ So long as the Commonwealth is required at some point to demonstrate a "substantial question" in accordance with the statute to invoke Superior Court's jurisdiction, this procedure is sound. Superior Court may not, however, be permitted to rely on its assessment of the argument on the merits of the issue to justify *post hoc* a determination that a substantial question exists. If this determination is not made prior to examination of and ruling on the merits of the issue of the appropriateness of the sentence, the Commonwealth has in effect obtained an appeal as of right from the discretionary aspects of a sentence. It is elementary that such an enlargement of the appeal rights of a party cannot be accomplished by rule of court. For this reason it is essential that the rules of procedure governing appeals such as this be followed precisely.

Our insistence on separate presentation of these issues is more than mere formalism; important concerns of substance guide this decision. In addition to preserving the respective rights of both parties according to the jurisdictional scheme provided by the legislature, it furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to exceptional cases. In this regard we find it significant that Section 9781(b) specifies that allowance of appeal of the discretionary aspects of sentence may be granted "where it appears that there is a substantial question that the sentence imposed is not appropriate *under this chapter.*" (Emphasis added). The chapter referred to is, of course, the entire Sentencing Code.

According to the Code, except where there is a statutorily required minimum period of confinement, e.g., §§ 9712–9715, the trial court is authorized to choose one or more of five options as an appropriate sentence—guilt without penalty, probation, fine, partial confinement, and total confinement, 42 Pa.C.S. § 9721(a). A *general* principle has been established for the court to follow in choosing from these alternatives, that the sentence "should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). Another *general* principle is that the court must "consider" sentencing guidelines adopted by the Pennsylvania Commission on Sentencing.

Along with these general standards, moreover, the court is given more specific criteria to consider with respect to each of the alternatives. Thus, total confinement should be imposed if *the court is of the opinion* that it is necessary because of a risk that the defendant will commit another crime, because institutionalization would provide the most effective correctional treatment, or because anything less would depreciate the seriousness of the crime. Further, the court's opinion is to be guided by considering "the nature and circumstances of the crime and the history, character and condition of the defendant." 42 Pa.C.S. § 9725. Even more detailed are the grounds which are to be "accorded weight" *in favor of* an order of probation, *see* 42 Pa.C.S. § 9722,[1] and even these criteria are stated as "not controlling the discretion of the court."

1. **42 Pa.C.S. § 9722. Order of Probation.**
   The following grounds, while not controlling the discretion of the court, shall be accorded weight in favor of an order of probation:
   (1) The criminal conduct of the defendant neither caused nor threatened serious harm.
   (2) The defendant did not contemplate that his conduct would cause or threaten serious harm.
   (3) The defendant acted under a strong provocation.
   (4) There were substantial grounds tending to excuse or justify the criminal conduct of the defendant, though failing to establish a defense.

■ It is apparent that the legislature has vested broad discretion in the trial court to impose a sentence appropriate to each case which comes before it. It is also apparent that the legislature has provided a thorough, though not exhaustive, outline of considerations to focus the court's deliberations in choosing an appropriate sentence. It is only where a party can articulate reasons why a particular sentence raises doubts that this scheme as a whole has been compromised that the appellate court should review the manner in which the trial court exercised its discretion. In the present case the Commonwealth not only failed to articulate any such reasons, it did not even attempt to do so. The Appellant properly preserved his challenge to this procedural violation, and for the reasons stated herein the Superior Court's decision to overlook it must be vacated.

LARSEN, J., filed a dissenting opinion.

HUTCHINSON, J., filed a dissenting opinion.

LARSEN, Justice, dissenting.

Although I note with satisfaction that the majority appears to recognize that 42 Pa.C.S.A. § 9781(f) [1] does not

(5) The victim of the criminal conduct of the defendant induced or facilitated its commission.
(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained.
(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the present crime.
(8) The criminal conduct of the defendant was the result of circumstances unlikely to recur.
(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime.
(10) The defendant is particularly likely to respond affirmatively to probationary treatment.
(11) The confinement of the defendant would entail excessive hardship to him or his dependents.
(12) Such other grounds as indicate the desirability of probation.

1. Section 9781(f) provides:
   **(f) Limitation on additional appellate review.**
   —No appeal of the discretionary aspects of the sentence shall be permitted beyond the appellate court that has initial jurisdiction for such appeals.

preclude limited review in this Court of an appeal from the discretionary aspects of sentencing, I hereby dissent to the majority's elevation of form over substance on the procedural issue in this case and would affirm the decision of Superior Court.

In this regard, the majority concludes:

It is apparent that the legislature has vested broad discretion in the trial court to impose a sentence appropriate to each case which comes before it. It is also apparent that the legislature has provided a thorough, though not exhaustive, outline of considerations to focus the court's deliberations in choosing an appropriate sentence. *It is only where a party can articulate reasons why a particular sentence raises doubts that this scheme as a whole has been compromised that the appellate court should review the manner in which the trial court exercised its discretion.* In the present case the Commonwealth not only failed to articulate any such reasons, it did not even attempt to do so.

Maj. op. at 515 (emphasis added).

The majority does not explain how the Commonwealth's petition in this case fails to "articulate reasons why a particular sentence raises doubts that this scheme as a whole has been compromised." [2] By omitting such explanation, the majority implies that assertions of sentencing outside the guidelines and unreasonableness in sentencing are not sufficient to trigger appellate review under section

---

**2.** In its "Summary of the Argument," which summary immediately preceded its argument to Superior Court, the Commonwealth, appellee herein, stated:

The sentence of probation should be vacated and the case remanded to the sentencing court for resentencing within the sentencing guidelines pursuant to 42 Pa.C.S.A. § 9781(c)(3). *The sentence of probation was outside the sentencing guidelines and was unreasonable because the court failed to impose a sentence of confinement that is consistent with the protection of the public as is required by 42 Pa.C.S.A. § 9721(b).* The public should be protected form [sic] this convicted individual because he is a habitual violator of the Controlled Substance laws who introduces harmful narcotics into the community.

Brief for Appellee, Appendix at 7 (emphasis added).

9781(b). By so ruling, the majority ignores the effect of 42 Pa.C.S.A. § 9781(c)(3) [3] upon its interpretation of the procedural rules of appellate review in these cases, and purports to create a new rule of procedure pursuant to which parties must recite that a particular assertion raises "a substantial question that the sentence imposed is not appropriate under this chapter." 42 Pa.C.S.A. § 9781(b).

Superior Court states at the outset of its memorandum opinion that "the Commonwealth's appeal has raised a 'substantial question' as to the appropriateness of the sentence." Mem. op. at 1 n. 1. Section 9781(b) requires no more of Superior Court when that court grants a petition for allowance of appeal. Further, nowhere in our rules governing appellate procedure do I find a requirement that the parties specifically state that they are raising the issue of a "substantial question" and that the absence of such language requires that the appellate court not proceed to a decision on the merits where it has found that a substantial question exists.

In practice, Superior Court has properly permitted appeals where the sentencing court has imposed a sentence outside the guidelines, which sentence the Commonwealth alleges is unreasonable under the facts of the case. Superior Court permits the appeal once it determines that a "substantial question" exists. *See e.g., Commonwealth v. Mattis,* 352 Pa.Super. 144, 146, 507 A.2d 423, 424 (1986); *Commonwealth v. Days,* 349 Pa.Super. 188, 502 A.2d 1339 (1986); *Commonwealth v. Dixon,* 344 Pa.Super. 293, 295–297, 496 A.2d 802, 802–03 (1985); *Commonwealth v. Drumgoole,* 341 Pa.Super. 468, 472–473, 491 A.2d 1352, 1354 (1985). Those cases not involving a substantial question are simply not considered further.

**3.** Section 9781(c)(3) provides, in pertinent part, as follows:
    **(c) Determination on appeal.**
—The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
    (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

518

Until our rules definitively require incantation of statutory phraseology when parties present issues for review, I find it inappropriate to insist upon such incantation.

Because I find that Superior Court properly permitted the Commonwealth's appeal and because I believe our review is limited in these cases,[4] I do not consider the merits of the case and would thereby affirm Superior Court's remand for resentencing.

HUTCHINSON, Justice, dissenting.

I dissent. This matter is ill-suited for judicial review. I would dismiss this appeal as improvidently granted and refer the issue to our Appellate Rules Committee.

---

4.  I interpret section 9781(f) as permitting this Court to review a ruling by an intermediate appellate court which is an abuse of discretion or exceeds its authority. I find no such abuse or excess herein.