526 A.2d 380
**COMMONWEALTH of Pennsylvania**
v.
**Lamont THOMAS, Appellant.**
Superior Court of Pennsylvania.
Argued Feb. 26, 1987.
Filed May 18, 1987.

350

Irene H. Cotton, Philadelphia, for appellant.

Deborah Flesher, Assistant District Attorney, Philadelphia, for Com., appellee.

Before CIRILLO, President Judge, and TAMILIA and CERCONE, JJ.

TAMILIA, Judge:

This is an appeal from judgment of sentence following appellant's conviction of robbery, aggravated assault and conspiracy. Appellant was sentenced to ten to twenty years incarceration for robbery and consecutive five to ten year terms for each of the other two offenses for a total sentence of twenty to forty years incarceration.

The underlying facts indicate that on January 12, 1985, at approximately 12:00 midnight, the female victim, while re-

turning home from work, was robbed of her purse and then shot in the back. The victim had parked her car on the corner of Hollywood and Mifflin Streets and proceeded up Hollywood Street towards her home when she noticed two black males walking towards her. As they passed her, she was pushed and a struggle over her handbag occurred. The victim was knocked to the ground, kicked and then heard one of the assailants say "shoot her." She proceeded to roll over onto her stomach and was shot in the back. The two men then fled.

The victim, while hospitalized for her injuries, identified appellant and another individual from a photo array as her attackers. The second individual was subsequently released but the victim later identified appellant from a line-up.

At trial, Walter Martin, who had entered a guilty plea to charges stemming from the attack on the victim, in exchange for a twelve to twenty-five year sentence, testified that he and the appellant were the attackers. He explained that he shot the victim at the urging of appellant.

On appeal, trial counsel is alleged to have been ineffective and the identification testimony is claimed to have been improperly admitted. Appellant also maintains the sentence was imposed without sufficient reasons being set forth.

Appellant first contends it was error to admit identification testimony based on the photos shown to the victim because they were displayed in an unduly suggestive manner. Appellant maintains that showing the pictures one by one to the victim was inherently unreliable because the detective unknowingly and unconsciously, but perceptively, cued the victim. This argument is based on what appellant terms the "Clever Hans effect", which was discussed in an article in *Science Digest,* January 1986. Appellant next maintains the in-court identification was a direct product of the prior tainted identification and thus should also have been suppressed.

 We are unable to agree with appellant that the identification testimony should have been suppressed. In reviewing such a claim, we must determine whether the identification procedure was so suggestive and conducive to irreparable mistaken identity so as to deny the accused due process. *Commonwealth v. Voss,* 333 Pa.Super. 331, 482 A.2d 593 (1984); *Commonwealth v. Williams,* 323 Pa.Super. 512, 470 A.2d 1376 (1984). We find the procedure used in displaying the photo array to the victim did not amount to a denial of due process. Merely handing photographs to the victim, without comment and with no evidence of overt suggestive presentation, cannot be construed to be improper. The "Clever Hans effect" espoused by appellate counsel, whereby the trainer of a horse by subtle signs between him and the horse could influence the response, would require substantial prior interaction to approach that degree of influence. While humans are smarter than horses, it would be unthinkable that such a degree of interaction could possibly develop in one session between the officer and the victim. We also point out that this specific rationale for improper identification is different than that relied on during post-trial motions and is, therefore, not a proper consideration on appeal. Having made this finding, we must also reject appellant's contention that the in-court identification was improperly admitted because it was tainted by the initial identification. *Williams, supra; Commonwealth v. Glover,* 488 Pa. 459, 412 A.2d 855 (1980).

 We next turn our attention to the claims of ineffectiveness of counsel raised by appellant. When reviewing allegations of ineffectiveness of counsel, we must first determine if the underlying issue is of arguable merit. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967); *Commonwealth v. Buehl,* 510 Pa. 363, 508 A.2d 1167 (1986). Only when the issue is of arguable merit do we then proceed to determine whether the course of action chosen by counsel had some reasonable basis designed to effectuate the client's interest. *Maroney, supra; Buehl, supra; Commonwealth v. Clemmons,* 505

Pa. 356, 479 A.2d 955 (1984). In addition, appellant must establish that the ineffectiveness so prejudiced his case that he did not receive a fair trial. *Commonwealth v. Verdekal,* 351 Pa.Super. 412, 506 A.2d 415 (1986).

Appellant initially asserts that counsel was ineffective for failing to object to the jury charge because the judge omitted those parts of the definition of robbery which do not involve serious bodily injury. He also maintains counsel should have objected to the court's failure to define "in the course of a theft" in its robbery charge.

■ Although these claims have arguable merit, upon review, it is our determination that counsel's actions had a reasonable basis designed to effectuate appellant's interests. The failure to seek a jury charge on second and third degree robbery could reasonably be based on a strategic decision to attempt to obtain an acquittal rather than accept a conviction on a lesser charge. *See Commonwealth v. Musi,* 486 Pa. 102, 404 A.2d 378 (1979); *Commonwealth v. Morris,* 492 Pa. 565, 424 A.2d 1336 (1981).

The claim that counsel should have requested a charge on the definition of "in the course of a theft" must also be rejected. The court charged the jury in the following manner:

. . . . .

[D]ecide if the aggravated assault was an integral part or necessary element of the robbery. If you so find, it will not be necessary to pass on the aggravated assault charge. However, if you find that the robbery was completed and the shooting occurred thereafter, you may determine that the shooting was an act independent of the robbery and find the Defendant guilty of aggravated assault and you will then so state on the verdict sheet.

(N.T. 8/22/85, p. 94). Appellant maintains that the jury should have been instructed under 18 Pa.C.S.A. § 3701(a)(2), which provides:

**§ 3701 Robbery**

. . . . .

(2) An act shall be deemed "in the course of committing a theft" if it occurs in an attempt to commit theft or in flight after the attempt or commission.

██ We think counsel could have concluded that under the charge given by the court, the jury was less likely to find that the shooting of the victim was a part of the robbery. Thus the jury would have to find the initial attack rose to the level of first degree robbery to convict appellant of that offense. We find such a strategy to be reasonable and thus unable to support a claim of ineffectiveness.

The final issue raised by appellant is his contention that the court based his sentenced on impermissible factors and failed to adequately state the reasons for the sentence. Based on the recent Supreme Court of Pennsylvania case of *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (Larsen, J. dissenting, Hutchinson, J. dissenting), we must find that appellant has not properly presented this issue for appeal.

In *Tuladziecki*, the Supreme Court noted that 42 Pa.C. S.A. § 9781(b) provides for the filing of a petition for allowance of appeal of the discretionary aspects of sentencing. The procedural rules are then set forth indicating that Pa.R.A.P. 902 provides for the notice of appeal to operate as the petition for allowance required under the statute. Pa.R.A.P. 2116(b) and Pa.R.A.P. 2119(f) are also discussed with the language of Rule 2119(f) establishing the further action required.

Pa.R.A.P. 2119(f) provides:

(f) An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence.

The Opinion in *Tuladziecki* goes on to state:

[O]ur rules make a careful distinction between "questions relating to the discretionary aspects of the sentence" and

"the issue whether the appellate court should exercise its discretion to reach such question." Pa.R.A.P. 2116. Recognizing this distinction, the language from the Note to Pa.R.A.P. 902, ... speaks only to the fact that appellant is to supply his brief, with argument on the merits of the question, at the same time as he provides his concise statement of the reasons relied upon for allowance of appeal. It does not and cannot obviate the need for such a statement.

. . . . .

So long as the ... [appellant] is required at some point to demonstrate a "substantial question" in accordance with the statute to invoke Superior Court's jurisdiction, this procedure is sound. Superior Court may not, however, be permitted to rely on its assessment of the argument on the merits of the issue to justify *post hoc* a determination that a substantial question exists. If this determination is not made prior to examination of and ruling on the merits of the issue of the appropriateness of the sentence, ... [the appellant] has in effect obtained an appeal as of right from the discretionary aspects of a sentence. It is elementary that such an enlargement of the appeal rights of a party cannot be accomplished by rule of court. For this reason it is essential that the rule of procedure governing appeals such as this be followed precisely.

*Tuladziecki, supra,* at 513 Pa. 512–513, 522 A.2d 17.

■ Inasmuch as appellant has failed to set forth in his brief a concise statement demonstrating the existence of a substantial question concerning the discretionary aspects of sentencing, the issue is not properly before us and we cannot rule on the merits.

Having found all of the other issues raised by appellant to be without merit, judgment of sentence is affirmed.

Judgment of sentence affirmed.