528 A.2d 191

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Parrish MULLER, Appellant.**

Superior Court of Pennsylvania.

Argued March 19, 1987.

Filed June 18, 1987.

Petition for Allowance of Appeal Denied Dec. 4, 1987.

Carmela R.M. Presogna, Assistant Public Defender, Erie, for appellant.

Michael R. Cauley, Assistant District Attorney, Erie, for Com., appellee.

Before ROWLEY, DEL SOLE and TAMILIA, JJ.

TAMILIA, Judge:

On February 18, 1986, appellant pled guilty to two charges of possession with intent to deliver marijuana.[1] Appellant was sentenced, on April 2, 1986, by the Honorable Shad Connelly, on the first drug charge to pay costs, restitution, a fine of $100 and to serve a period of eighteen (18) months to thirty-six (36) months incarceration. On the second charge, appellant was sentenced to pay costs, a $500 fine, restitution and to serve three (3) years consecutive probation. A timely motion to modify sentence was filed by appellant and denied on April 10, 1986. Appellant now brings this timely appeal to that denial.

Appellant raises the following question on appeal: "[w]hether the lower court abused its discretion when it failed to give adequate weight to mitigating factors at sentencing and thereby imposed an excessive sentence while also failing to state adequate reasons for the sentence on the record?" Brief for Appellant at 3. Although this statement of the question involved on appeal appears to be couched as a single question, it in fact poses two issues for our review. First, whether the court abused its discretion by failing to give adequate weight to "mitigating factors" at sentencing, and second, whether the sentencing court failed to state adequate reasons for the sentence on the record requiring us to vacate the sentence and remand.

■ We find that this second issue is not properly before us and is waived due to appellant's failure to raise this issue in his motion to modify sentence. Procedural sentencing issues, such as appellant's insufficient-reasons-on-the-record claim, are waived if not properly preserved and presented below. *Commonwealth v. Whetstine*, 344 Pa.Super. 246,

1. Appellant sold approximately one ounce of marijuana to an undercover state narcotics agent for the sum of $110 on two separate occasions—June 18, 1985 and July 2, 1985.

496 A.2d 777 (1985); *Commonwealth v. Brown*, 342 Pa.Super. 249, 492 A.2d 745 (1985); *Commonwealth v. Martin*, 328 Pa.Super. 498, 477 A.2d 555 (1984). However, since appellant's first issue regarding the trial court's weighing of mitigating factors was presented in appellant's motion to modify, we will address it.

Appellant contends the court abused its discretion by failing to give adequate weight to mitigating factors at sentencing. Based on the recent Supreme Court of Pennsylvania case of *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987), and our case of *Commonwealth v. Thomas*, 363 Pa.Super. 348, 526 A.2d 380 (1987) (applying *Tuladziecki*), we must analyze whether or not appellant has properly presented this issue for appeal.

█ As in *Tuladziecki*, notice of appeal under Pa.R.A.P. 902 operates as a "petition for allowance of appeal" which is required by 42 Pa.C.S. § 9781(b). The briefing stage must then deal with the appropriateness of the appeal. (Comments to Rule 902). There, the question of appropriateness is handled in the usual manner, first by alleging any question relating to the discretionary aspect of the appeal in the "statement of question involved" required by Pa.R.A.P. 2116(a) and (b). This was done in this case by appellant stating:

A. Whether the lower court abused its discretion when it failed to give adequate weight to mitigating factors at sentencing and thereby imposed an excessive sentence while also failing to state adequate reasons for the sentence on the record.

Thus at this point in the proceeding, appellant had properly alleged a substantial question, pursuant to § 9781(b), for the court's consideration prior to argument. Next in the sequence, prior to argument on the merits, *see* Pa.R.A.P. 2119(f), there must be a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of the sentence before going to the merits.

While the appellant did not specify that the statement following the statement of question, titled "Argument", was pursuant to Rule 2119(f), in fact, the statement precisely contained the reasons relied upon, by statute, case law and the sentencing guidelines for allowance of appeal of the discretionary aspects of the sentence. There, the appellant delineated the extent of discretion of the trial court, the degree to which the trial court is bound by the sentencing guidelines (Appellant's brief, p. 6), as well as the responsibility of the trial judge to apprise himself of the character of the defendant and circumstance of the offense, and secondly, to formulate and explain the sentence in light of the guidelines specified in the sentencing code (Appellant's brief, p. 7). In addition, the court must carefully consider the weight given to each of the grounds set forth in the applicable grounds of the sentencing code (Appellant's brief, p. 8). If the court failed to follow the process detailed above, there was an abuse of discretion as to the discretionary aspects of sentence which required appellate review and resentencing.[2] (Appellant's brief, p. 8). We are in an entirely different posture here than was the case in *Tuladziecki, supra,* where the panel decided there was a substantial question *after* considering the merits in a *"post hoc* determination that a substantial question exists."

Only after the above statement did the appellant, in his brief, turn to the merits. (Appellant's brief, p. 8). We believe the appellant's statement, as summarized above, uncontested by the Commonwealth, is sufficient within the Pennsylvania Rules of Appellate Procedure as delineated above, and in conformity with *Tuladziecki, supra,* to permit us to accept this appeal and to consider appellant's question on the merits.

As already stated, appellant was sentenced to a period of incarceration of eighteen (18) to thirty-six (36) months on

---

**2.** Neither *Tuladziecki* nor the recent decision of this Court, *Commonwealth v. Hawthorne,* 364 Pa.Super. 125, 527 A.2d 559 (1987), prevent appellate review for lack of headings as to "substantial question" and "statement of reason" when, as here, the brief was in substantial conformity with the rules.

the first count. Under the sentencing guideline prepared, the minimum range of imprisonment was zero (0) to twelve (12) months, the aggravated range was twelve (12) to eighteen (18) months and the mitigated range was non-confinement. The statutory limit for this offense is five (5) years imprisonment (35 P.S. § 780–113(a)(30) and (f)). Thus appellant was sentenced within the aggravated range of the guidelines.

Although appellant sets forth a number of reasons in the argument section of his brief for finding an abuse of discretion—claiming the court focused primarily on the seriousness of the crime and using appellant as a deterrant to others—many of these do not pertain to the issue of whether the sentencing court gave adequate weight to mitigating factors at sentencing. As to mitigating factors, appellant stated:

> Appellant takes the position that the sentencing court did not meaningfully consider the non-violent nature of the original offenses, the needs of the Defendant, his young age, the needs of society and his extensive drug habit and rehabilitaive [sic] potential. The sentencing court had a duty to consider these factors and any ability for rehabilitation, and whether a less severe sentence would have been appropriate.

Brief for Appellant at 14.

■ "When a sentence is within statutory limits, and the court has complied with the Sentencing Code, 42 Pa.C.S. §§ 9701–9781, we will not reverse the sentencing court's decision absent a manifest abuse of discretion." *Commonwealth v. Gallagher*, 353 Pa.Super. 426, 452, 510 A.2d 735, 749 (1986); *Commonwealth v. Brown*, 314 Pa.Super. 311, 460 A.2d 1155 (1983). Pennsylvania trial judges are vested with broad sentencing discretion with which the appellate courts will not interfere absent manifest abuse. *Commonwealth v. Green*, 494 Pa. 406, 431 A.2d 918 (1981); *Commonwealth v. White*, 341 Pa.Super. 261, 491 A.2d 252 (1985). Discretion must be accorded sentencing judge's decisions, because such judge is in the best situation to

weigh various factors such as the nature of the crime, the defendant's character and defendant's display of remorse, defiance or indifference. *Commonwealth v. Duffy*, 341 Pa.Super. 217, 491 A.2d 230 (1985). The statement of the court at the sentencing proceedings need not specifically cite or include the language of the sentencing code, it need only demonstrate that the court has considered the factors specified in the code. *White, supra; Commonwealth v. Kane*, 315 Pa.Super. 212, 461 A.2d 1246 (1983).

 In the instant case, the sentence imposed was rigorous but well within the statutory limits and guidelines. After considering the appellant's prior criminal record, which began ten or eleven years ago when appellant was a juvenile, appellant's extensive drug problem and self-admitted addiction to marijuana, the nature of the serious crime of selling drugs and appellant's character, the sentencing judge concluded that appellant should be incarcerated in order to protect both himself and society and further his rehabilitation which appellant has been unable to accomplish on his own (N.T. 4/2/86, pp. 5–9). While it is true that prior record scores are incorporated into the guideline ranges, those specifically chargeable offenses sometimes do not adequately bear out the defendant's anti-social and disruptive activity. Here, the trial court paid considerable attention to those factors and weighed them more heavily against the defendant than any redeeming considerations present.

 Finally, appellant's argument that the court did not take into account mitigating factors in considering sentencing is without substance. Only in capital cases does the law require a set off of mitigating and aggravating circumstances in making a determination, i.e., between life in prison and death. *See* 42 Pa.C.S. § 9711. In any other case, the court is required to assess the rehabilitative needs of the defendant, and despite the existence of factors such as good family, church attendance, employment, etc., if continued criminal behavior is such that the prediction for law abiding behavior is slim or none, and the mitigating

factors are irrelevant to the rehabilitative needs and the protection of society, they may not prevail. The legislature has gone even further in mandatory sentencing to eliminate any consideration of mitigating factors in certain classes of cases, when the public welfare requires it. *Commonwealth v. Gamber*, 352 Pa.Super. 36, 506 A.2d 1324 (1986). In conformity with *Tuladziecki, supra*, the court did view the case from the perspective of the entire sentencing code, rather than limiting its consideration to the narrow perspective of the sentencing guidelines.

We conclude that the sentencing judge gave adequate weight to the existing mitigating factors and that the sentence imposed was not excessive and there was no abuse of discretion.

Judgment of sentence affirmed.

DEL SOLE, J., concurs.

DEL SOLE, Judge, concurring:

I join the Majority Opinion in all respects. I write separately to address the issues raised relative to the application of *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987).

Initially, one must realize that the Superior Court of Pennsylvania has jurisdiction to hear appeals involving the discretionary aspects of sentencing. 42 Pa.C.S.A. § 9781(b) provides discretionary jurisdiction in this court and the Supreme Court in *Tuladziecki* indicated the procedural steps necessary to invoke that discretionary review.

It is obvious that the method of raising the issue to this court for our exercise of discretion in reviewing the discretionary aspects of sentencing is procedural. As the majority stated in *Tuladziecki:*

"The Appellant properly preserved his challenge to this procedural violation, and for the reasons stated herein the Superior Court's decision to overlook it must be vacated."

Since the Supreme Court has clearly labeled the failure to properly follow the Appellate Rules in raising the issue of

the discretionary aspects of sentencing as procedural, such a defect would be waivable.

In the instant case, the Appellee did not object to the procedural irregularity in the Appellant's brief in raising the issue. Therefore, in my view that issue is waived.

However, since I am of the view that the *Tuladziecki* requirements are procedural I also agree with the Majority that this court, in exercising its discretion to determine whether it would review the sentence, can waive technical procedural defects.