533 A.2d 1039

**COMMONWEALTH of Pennsylvania**

v.

**Lavonne PHILLIPS, Appellant.**

Superior Court of Pennsylvania.

Argued March 18, 1987.

Filed Oct. 14, 1987.

Reargument Denied Dec. 7, 1987.

232

Bernard T. McArdle, Greensburg, for appellant.

John W. Peck, II, Assistant District Attorney, Arnold, for Com., appellee.

Before ROWLEY, DEL SOLE and TAMILIA, JJ.

TAMILIA, Judge:

This is an appeal from judgment of sentence entered after a jury convicted appellant of robbery[1] and theft[2]. The charges arose from the robbery of a Hardees restaurant on August 10, 1985. A sentence of thirty six (36) to seventy-two (72) months imprisonment was imposed.[3] This timely appeal followed the denial of appellant's motion to modify sentence.

Appellant's only contention on appeal is that the court abused its discretion in sentencing appellant outside of the sentencing guidelines without adequately stating its reasons for doing so. The issue raised by appellant challenges the discretionary aspects of the sentence rather than the legality of the sentence and thus the appeal must be perfected as explained in *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987).

1. 18 Pa.C.S.A. § 3701(a)(1)(ii).
2. 18 Pa.C.S.A. § 3921(a).
3. This sentence was ordered to be served consecutive to a sentence appellant was currently serving at 1700 C. 1985.

In *Tuladziecki,* the Supreme Court noted that 42 Pa.C.
S.A. § 9781(b) provides for the filing of a petition for
allowance of appeal of the discretionary aspects of sen-
tencing. The procedural rules are then set forth indicat-
ing that Pa.R.A.P. 902 provides for the notice of appeal to
operate as the petition for allowance required under the
statute. Pa.R.A.P. 2116(b) and Pa.R.A.P. 2119(f) are also
discussed with the language of Rule 2119(f) establishing
the further action required.

Pa.R.A.P. 2119(f) provides:

> (f) An appellant who challenges the discretionary as-
> pects of a sentence in a criminal matter shall set forth
> in his brief a concise statement of the reasons relied
> upon for allowance of appeal with respect to the discre-
> tionary aspects of a sentence. The statement shall
> immediately precede the argument on the merits with
> respect to the discretionary aspects of sentence.

*Commonwealth v. Thomas,* 363 Pa.Super. 348, 354, 526
A.2d 380, 382–83 (1987).

Also, as we stated in *Commonwealth v. Muller,* 364
Pa.Super. 346, 528 A.2d 191 (1987):

> Notice of appeal under Pa.R.A.P. 902 operates as a 'peti-
> tion for allowance of appeal' which is required by 42
> Pa.C.S. § 9781(b). The briefing stage must then deal
> with the appropriateness of the appeal. (Comments to
> Rule 902). There the question of appropriateness is han-
> dled in the usual manner, first by alleging any question
> relating to the discretionary aspect of the appeal in the
> 'statement of question involved' required by Pa.R.A.P.
> 2116(a) and (b).

*Id.,* 36 Pa.Superior Ct. at 349, 528 A.2d at 192.

In the case *sub judice,* appellant did adequately set forth
his issue in the statement of questions involved by stating:

> Did the lower court abuse its discretion in sentencing the
> appellant to a term of incarceration in excess of the
> sentencing guidelines without expressing permissible and

sufficient reasons to warrant imposing a sentence outside the guidelines.

(Appellant's brief at 3.)

However, "next in the sequence, prior to argument on the merits, *see* Pa.R.A.P. 2119(f), there must be a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of the sentence before going to the merits." *Muller* at 351, 528 A.2d at 193. It is in this respect that appellant's petition for allowance of appeal is deficient. Nowhere prior to his argument on the merits has appellant set forth a statement of reasons in support of his petition for allowance of appeal.

■ Despite this inadequacy, the procedural requirement of a separate section reciting the reasons relied upon for allowance of appeal has been waived in the instant action as the Commonwealth has failed to object to appellant's noncompliance with rule 2119(f). *Commonwealth v. Chase*, 365 Pa.Super. 572, 530 A.2d 458 (1987); *Commonwealth v. Rumbaugh*, 365 Pa.Super. 388, 529 A.2d 1112 (1987).

Therefore, since appellant has raised a substantial question that his sentence was not proper under the sentencing guidelines and since the Commonwealth has waived the procedural requirement of a separate statement, we will address the merits of the case.

Appellant argues the trial court relied upon two impermissible considerations in imposing a sentence which was outside the guidelines: (1) the court should not have considered a conviction appellant had in another case because the crime upon which the conviction was based occurred after the offense in this case; (2) the court should not have considered his testimony false simply because he offered the same alibi in the present case as in the other case in which appellant was convicted, and the court's reliance on testimony which was not part of the record in this case, to support its conclusion of false testimony, was improper.

■ The trial court explained that one reason it sentenced appellant outside the sentencing guidelines was be-

cause of a "fluke" in the guidelines, appellant was convicted and sentenced for two robberies yet was able to claim a zero prior record score at each sentencing.

At No. 1700 C 1985 the defendant was tried and convicted on March 4, 1986, for the September 4, 1985, robbery of a state liquor store in Arnold. On May 9, 1986, he was sentenced to 2½ to 5 years incarceration for this crime. After hearing the defendant's petition to modify sentence, his sentence was reduced to 12 to 36 months incarceration on July 18, 1986. Meanwhile, the defendant had also been charged at the present number with the August 10, 1985, robbery of Hardee's Restaurant in New Kensington. As at No. 1700, the jury returned a verdict of guilty, this time on May 7, 1986. The sentence, which is the subject of this appeal, as previously noted, was imposed August 19, 1986. When defendant appeared for sentencing at No. 1700 on May 9, 1986, he was afforded a prior record score of zero, for although he had been recently convicted at No. 1849, he had not yet been sentenced. Section 303.7(g) of the sentencing guidelines provides that a defendant must be convicted and sentenced before an offense will be counted against him as part of his prior record score. When the defendant appeared for sentencing on August 19, 1986, for his conviction at No. 1849, Section 303.7(g) again mandated a zero prior record score since the crime on which he had already been sentenced at No. 1700 occurred (September 4, 1985) after the current offense (August 10, 1985). Had the order of the sentencing dates been reversed, the defendant would have had a prior record score of three instead of zero. (Slip Op., Ackerman, J., 8/6/86, pp. 1–2.)

We find the trial judge acted properly in taking appellant's other criminal conviction into account where it was not provided for in the sentencing guidelines. There was no error in considering a conviction for an offense committed subsequent to the one at issue. *Commonwealth v. Johnson*, 333 Pa.Super. 42, 481 A.2d 1212 (1984). As we have determined that a subsequent conviction which was not

accounted for in the guidelines was a sufficient reason to warrant the trial court's decision to deviate from the guidelines, it is not necessary to address appellant's remaining contention.

Accordingly, the Order of the court below is affirmed.

Order affirmed.

ROWLEY, J., concurs and dissents with statement.

ROWLEY, Judge, concurring and dissenting:

I join in the majority's discussion of the procedural problems in this case and in the majority's conclusion that the procedural requirement of Pa.R.A.P. 2119(f) has been waived. I also agree with the majority's discussion of the merits of the issue concerning the trial court's consideration of appellant's other criminal conviction. However, I respectfully dissent from the majority's conclusion that because there was *a* sufficient reason to warrant the trial court's decision to deviate from the guidelines, we need not consider appellant's second argument as to why the trial court erred in deviating from the guidelines.

Our Supreme Court has held that "a sentence based in part on an impermissible consideration is not made proper simply because the sentencing judge considers other permissible factor as well." *Commonwealth v. Bethea*, 474 Pa. 571, 579–580, 379 A.2d 102, 106 (1977). Rather, the appropriate inquiry in such a case is not whether the court considered legitimate factors in imposing sentence, but whether the court considered *only* such factors. See also: *Commonwealth v. Chase*, 365 Pa.Super. 572, 530 A.2d 458 (1987). Therefore, before affirming the judgment of sentence on the basis that there was a legitimate reason for imposing the sentence outside the guidelines, I think the Court should determine whether *any* of the reasons for deviating from the sentencing guidelines was improper.

Appellant's second argument as to why the trial court erred in sentencing outside the guidelines is that the trial court's conclusion that appellant's testimony was willfully

false was based on facts outside the record. The trial court concluded that appellant's testimony was false because, as presiding judge at both of appellant's trials, the trial court knew that appellant had provided the same unsubstantiated alibi in both cases. When the trial court explained in its opinion this reason for sentencing appellant outside the record, the trial court attached to its opinion a copy of the transcript of the prior trial and stated that it was to be made a part of the record in this case. The court's sua sponte reopening of the record to admit something without the knowledge of either party and without providing either party an opportunity to object was improper and therefore did not in fact make the transcript from the prior trial part of the record in this case. Thus the court's consideration of the testimony from the prior trial to support the imposition of a sentence outside the guidelines in this case was impermissible.

Although there may be adequate and proper reasons to support the sentence imposed by the trial court, I cannot determine that the trial court would have imposed the same sentence had it not considered appellant's testimony to have been false. Therefore, I would vacate the judgment of sentence and remand for resentencing.