# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

COMMONWEALTH OF PENNSYLVANIA, : No. 293 MAL 2014
:
                     Petitioner : Petition for Allowance of Appeal from the
: **Unpublished Memorandum and Order**
: of the Superior Court at No. 2054 MDA
             v. : 2012 (Donohue, Shogan, **Musmanno**,
: JJ.), filed April 4, 2014, **reversing and**
: **remanding** the Judgment of Sentence of
EDWARD EVANS MAURER, : the Dauphin County Court of Common
: Pleas at No. CP-22-CR-0000123-2010
           Respondent : (Curcillo, J.), filed June 25, 2012
:

## DISSENTING STATEMENT

**MR. JUSTICE SAYLOR**                             **FILED: October 30, 2014**

I respectfully dissent from the majority's decision to grant, vacate and remand on the stated terms of its order, since I foresee such terms as likely to cause confusion. In this regard, I am of the view that per curiam, merits-based orders disposing of cases should issue under only limited circumstances, as reflected in this Court's internal operating procedures. See Supreme Court IOP §3(C). More specifically, such an order generally should not issue if the Court seeks to apply an established rule of law to a novel fact situation. See id. §3(C)(1). Additionally, where a reversal is involved, the order must cite to controlling legal authority or, if necessary, provide a full explanation of the grounds for the holding. See id. §3(C)(2).

In my opinion, the order in this case does not satisfy these requirements, as the only cited controlling authority, Commonwealth v. Tuladziecki, 513 Pa. 508, 512-13, 522 A.2d 17, 19 (1987), is factually distinguishable, since the appellant in that case altogether failed to submit a concise statement of the reasons relied upon for allowance

of appeal for its discretionary sentencing claim, as required by Rule of Appellate Procedure 2119(f). Furthermore, to the extent the majority construes the cited Superior Court decisions as adequately extending <u>Tuladziecki</u> to the present factual scenario, it does not fully develop this rationale. More important, the majority's citation to these decisions suggests that this Court is placing its imprimatur on the reasoning of those cases, without the benefit of advocacy and a developed opinion.