J-S02021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
PATRICK A. STANLEY :
:
Appellant : No. 17 EDA 2017

Appeal from the Judgment of Sentence November 16, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002479-2011

BEFORE: BOWES, J., NICHOLS, J., and RANSOM, J.[*]

MEMORANDUM BY NICHOLS, J.: **FILED FEBRUARY 13, 2018**

Appellant Patrick A. Stanley appeals from the judgment of sentence of four to ten years' imprisonment imposed following the revocation of his probation. He contends that his sentence was disproportionate to his crimes as it was based on partiality, prejudice, bias, and ill will. We affirm.

We adopt the facts set forth in the trial court's opinion:

In December of 2008, Appellant's wife befriended an eighty-six-year-old man, and over the course of two years she deceived him into giving her over $330,000. Several of the checks paid to Appellant's wife were made out to Appellant. Appellant cashed and deposited the checks made out to him. Following his arrest, on March 2, 2012, Appellant pled guilty to theft and criminal conspiracy. Appellant was sentenced to twenty-three months imprisonment, plus five years of probation. For the criminal conspiracy, he was sentenced to two years consecutive probation to be transferred to New Jersey.

_____

[*] Retired Senior Judge assigned to the Superior Court.

While on probation in New Jersey, Appellant conspired with a group of people, including his father, who committed multiple burglaries and thefts. The burglaries frequently involved a ruse. One member of the group would pose as a Water Department employee or a handyman to distract elderly homeowners, while the others would steal valuables such as jewelry or safes. Appellant was fully aware of, and acquiesced to, similarly planned burglaries that occurred in Connecticut, Delaware, Pennsylvania and New York. However, he failed to alert the authorities.

During the course of the burglary investigation, authorities were led to a safe deposit box under Appellant's name. Investigators discovered several gold bars had been placed in the box under Appellant's name. Further investigation revealed that Appellant's wife told an elderly woman suffering from cancer that her cancer would be cured if she paid for her fortune telling services. Investigators found Appellant had knowledge of the fortune telling operation and allowed the proceeds to be placed in the safe deposit box. Appellant likely benefitted from his wife's scheme and did not go to the authorities.

Appellant's father was arrested in Los Angeles for his involvement in the burglaries. Shortly after, Appellant was found at the bank trying to access the safety deposit box. He eventually entered a guilty plea in New Jersey, and was in custody for approximately eight months. Immediately following his detention in New Jersey, he was arrested in Philadelphia on May 2, 2016.

Trial Ct. Op., 7/19/17, at 2-3 (citations omitted).

Subsequently, the trial court held a violation of probation hearing on November 16, 2016, at which the court revoked his probation and sentenced him to an aggregate sentence of four to ten years' imprisonment. Appellant filed a motion for reconsideration, contending that the court "did not have all of the pertinent information about" his probation violation and thus could not impose a proper sentence. Mot. for Recons. of Sentence, 11/17/16, at 2. He also maintained that misinformation was presented to the trial court about the

crimes that led to the revocation of his probation. *Id.* at 3. Appellant argued that the court failed to properly consider his relative youth, family, absence of a history of crime of violence, and payment of restitution. *Id.* The court denied Appellant's motion on December 2, 2016. Appellant timely appealed on December 16, 2017, and timely filed a court-ordered Pa.R.A.P. 1925(b) statement.[1]

> Appellant raises the following issue in his brief:
>
> Whether the sentencing court erred as a matter of law, abused its discretion and violated general sentencing principles when, following a revo[c]ation of probation, the court imposed a sentence of four to ten years['] incarceration, and then refused to reconsider said sentence[.]

Appellant's Brief at 3. Appellant's brief did not include a statement as required by Pennsylvania Rule of Appellate Procedure 2119(f). The Commonwealth has objected to the statement's absence. Commonwealth's Brief at 7-9.

In ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1034 (Pa. Super. 2013) (*en banc*), we held that our scope of review in an appeal from a revocation of probation sentencing includes discretionary sentencing challenges. Such a challenge, however, is not appealable as of right. ***Commonwealth v. Luketic***, 162 A.3d 1149, 1159 (Pa. Super. 2017). We will exercise our discretion to consider the issue only if (1) the appellant has

_____

[1] During the pendency of this appeal, Appellant filed a *pro se* Post Conviction Relief Act petition, which the trial court dismissed without prejudice. Order, 8/21/17.

filed a timely notice of appeal; (2) he has preserved the sentencing issue at the time of sentencing or in a motion to reconsider and modify his sentence; (3) he presents the issue in a properly framed statement in his brief under Rule 2119(f) of the Rules of Appellate Procedure, pursuant to **Commonwealth v. Tuladziecki**, 522 A.2d 17 (Pa. 1987); and (4) in the words of Section 9781(b) of the Sentencing Code, 42 Pa.C.S. § 9781(b), "it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter." **See, e.g.**, **Commonwealth v. Haynes**, 125 A.3d 800, 807 (Pa. Super. 2015). In **Commonwealth v. Karns**, 50 A.3d 158 (Pa. Super. 2012), this Court explained that "[i]f a defendant fails to include an issue in his Rule 2119(f) statement, and the Commonwealth objects, then the issue is waived and this Court may not review the claim." **Id.** at 166.

Here, Appellant did not include a Rule 2119(f) statement in his brief, and the Commonwealth has objected to its absence. **See** Commonwealth's Brief at 7-9. This Court cannot review Appellant's sentencing issue over the Commonwealth's objection to the absence of a Rule 2119(f) statement, and thus Appellant has waived his sentencing issue. **See Karns**, 50 A.3d at 166. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/13/18