J-S61038-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| JOSHUA RICHARD THOMPSON, | : | |
| | : | |
| Appellant | : | No. 752 WDA 2014 |

Appeal from the Judgment of Sentence April 2, 2014,
in the Court of Common Pleas of Mercer County,
Criminal Division, at No(s): CP-43-CR-0001125-2013
and CP-43-CR-0001126-2013

BEFORE:   FORD ELLIOTT, P.J.E., WECHT, J., and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:            **FILED OCTOBER 8, 2014**

Joshua Richard Thompson (Appellant) appeals from the April 2, 2014 judgment of sentence of an aggregate term of 5 to 10 years of incarceration, entered following his plea of guilty to robbery, aggravated assault, and possession with intent to deliver.[1]  We affirm.

On July 18, 2013, Appellant was charged with numerous counts at case number 1125 for robbing a stranger at gunpoint and firing at least 9 shots, none of which injured the victim.  On August 3, 2013, Appellant was arrested for the July 18 robbery; and, at the time of his arrest, he possessed 8.7 grams of cocaine.  Thus, he was charged at case number 1126 for counts related to the possession of the cocaine.  Appellant entered into plea agreements with the Commonwealth for both cases in exchange for the

---

[1] 18 Pa.C.S. §§ 3701(a)(1)(iv), 2702(a)(4), and 35 P.S. § 780-113(a)(30), respectively.

*Retired Senior Judge assigned to the Superior Court.

Commonwealth's agreement to nol pros some of the charges and waive certain mandatory minimum sentences. Sentencing was scheduled for April 2, 2014.

Prior to sentencing, the trial court reviewed Appellant's pre-sentence investigation report. The report revealed that in addition to 7 juvenile detentions, Appellant had several prior convictions in both Pennsylvania and Ohio, which included carrying a concealed weapon, possession of a controlled substance, possession with intent to deliver a controlled substance, discharging a firearm improperly, and simple assault. Based on that information, the Commonwealth and Appellant agreed that Appellant's prior record score (PRS) for all charges would be a 3. *See* N.T., 4/2/2014, at 10. Based on Appellant's PRS, and the offense gravity score (OGS) for each charge, the trial court crafted Appellant's minimum sentence to be the exact midpoint of the standard range for each charge.[2] The trial court then imposed all sentences consecutively, creating the 5 to 10 year aggregate sentence.

---

[2] For robbery, with a PRS of 3 and OGS of 7, the standard range was 21 to 27 months' incarceration. Appellant's minimum sentence was 24 months' incarceration. For aggravated assault, with a PRS of 3 and OGS of 8, the standard range was 18 to 24 months' incarceration. Appellant's minimum sentence was 21 months' incarceration. For possession with intent to deliver, with a PRS of 3 and OGS of 6, the standard range was 12 to 18 months' incarceration. Appellant's minimum sentence was 15 months' incarceration.

Appellant timely filed a motion to modify his sentence, arguing that the sentence was excessive. That motion was denied. Appellant timely filed a notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following question for this Court's consideration:

> Whether the consecutive sentences of imprisonment resulting in an effective aggregate sentence of imprisonment of not less than 60 months nor more than 120 months … despite the fact that the sentencing court imposed maximum sentences on each offense within the statutory limit and imposed minimum sentences on each offense within the mid range of the standard sentencing guidelines applicable to each offense … constituted an unreasonably harsh and excessive effective aggregate sentence of imprisonment given the individualized circumstances and characteristics of [Appellant].

Appellant's Brief at 5.

Appellant's question challenges the discretionary aspects of his sentence.[3] Accordingly, we bear in mind the following.

> A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute. Two requirements must be met before we will review this challenge on its merits. First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. The

---

[3] Because the plea agreement was open as to his sentence, Appellant is not precluded from challenging the discretionary aspects of sentencing. *See* ***Commonwealth v. Brown***, 982 A.2d 1017, 1019 (Pa. Super. 2009).

- 3 -

determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. In order to establish a substantial question, the appellant must show actions by the trial court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

*Commonwealth v. Bowen*, 55 A.3d 1254, 1262-63 (Pa. Super. 2012), *appeal denied*, 64 A.3d 630 (Pa. 2013) (quoting *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004)).

Appellant's brief includes a statement of reasons relied upon for allowance of appeal, in which he claims that the imposition of a consecutive sentence is "clearly unreasonable and manifestly excessive given the youth of Appellant … and his successful acquisition of a high school graduate equivalency degree." Appellant's Brief at 13-14.[4]

This Court has previously considered whether the consecutive nature of sentences raises a substantial question.

[A] defendant may raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question. *See Commonwealth v. Moury*, 992 A.2d 162, 171–172 (Pa. Super. 2010) ("The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of

---

[4] Appellant was 27 years' old at the time of sentencing. N.T., 4/2/2014, at 14.

> imprisonment."). … In determining whether a substantial question exists, this Court does not examine the merits of whether the sentence is actually excessive. **Commonwealth v. Tuladziecki**, 513 Pa. 508, 522 A.2d 17 (1987). Rather, we look to whether the appellant has forwarded a plausible argument that the sentence, when it is within the guideline ranges, is clearly unreasonable. Concomitantly, the substantial question determination does not require the court to decide the merits of whether the sentence is clearly unreasonable.

**Commonwealth v. Dodge**, 77 A.3d 1263, 1270 (Pa. Super. 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014) (some citations omitted). "[T]he key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." **Commonwealth v. Mastromarino**, 2 A.3d 581, 587 (Pa. Super. 2010).

Instantly, Appellant was charged with, and pled guilty to, aggravated assault and robbery of a stranger at gunpoint. At the time of his arrest for this incident, 8.7 grams of cocaine was discovered. At sentencing, Appellant admitted that he has abused drugs and alcohol for many years and, as an adult, his main source of employment income was from drug sales.[5] Based on Appellants' need for drug treatment, as well as his use of a gun to rob the victim, we cannot say that Appellant's consecutive sentence resulting in 5 to

---

[5] Appellant admitted to earning between $200 and $1,300 daily in drug sales. N.T., 4/2/2014, at 16.

10 years' incarceration is on its face excessive; therefore, we conclude that Appellant has not raised a substantial question.

Having concluded that Appellant has not raised a substantial question, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 10/8/2014