J-S28034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JESSE VANCE SHOEMAKER | |
| Appellant | No. 2015 MDA 2014 |

Appeal from the Judgment of Sentence October 30, 2014
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0000533-2008

BEFORE:  BOWES, J., ALLEN, J., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:                       **FILED JUNE 10, 2015**

Jesse Vance Shoemaker appeals from the judgment of sentence of 1½ to 3 years' incarceration imposed by the Court of Common Pleas of Adams County after it revoked his County Intermediate Punishment Program (IPP) sentence.  Shoemaker's counsel also seeks to withdraw pursuant to the dictates of ***Anders v. California***, 386 U.S. 738 (1967), ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), and ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981).  Upon review, we grant counsel's petition to withdraw and affirm Shoemaker's judgment of sentence.

The trial court set forth the relevant facts of the case as follows:

Shoemaker originally entered a plea of guilty to forgery as a felony of the third degree on September 15, 2008.  He was sentenced pursuant to a plea agreement to 36 months of county intermediate punishment.  Pursuant to agreement of the parties, the sentence was imposed consecutively to numerous lengthy sentences [Shoemaker] was serving for convictions which

included prior forgeries and access device fraud. While still under the supervision of his original sentence of intermediate punishment, on May 6, 2014, [Shoemaker] was found guilty of corruption of minors, 18 Pa.C.S. § 6301, and indecent assault, 18 Pa.C.S. § 3126, for conduct committed on December 5, 2011. [He was sentenced to 16 months' to 5 years' incarceration for corruption of minors, and a concurrent term of 1 to 2 years' incarceration for indecent assault.] Thereafter, revocation proceedings were commenced. On July 28, 2014, [Shoemaker] acknowledged violating the conditions of his sentence of intermediate punishment. Following preparation of the pre-sentence investigation, [Shoemaker] was sentenced on October 30, 2014, to serve no less than 1½ nor more than 3 years in a state correctional institution consecutive to any other sentence he was serving.[1]

Trial Court Opinion, 1/27/15, at 1.

Shoemaker filed a timely notice of appeal on November 24, 2014, and on December 16, 2014, in response to an order from the trial court, he filed a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On January 27, 2015, the court filed its Rule 1925(a) opinion.

On February 9, 2015, Shoemaker's counsel filed an **Anders** brief. "When faced with a purported **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Rojas**, 847 A.2d 638, 639 (Pa. Super. 2005). Furthermore, counsel must comply with certain mandates when

---

[1] On February 11, 2014, Shoemaker was sentenced on an unrelated matter to 10 to 20 years' imprisonment for involuntary deviate sexual assault of a child less than 13, corruption of minors, and indecent assault of a person less than 13. The convictions were the result of offenses committed on or about February 22, 2006, which was prior to the offense in the instant matter, and accordingly are not the basis for the revocation proceedings in this appeal.

seeking to withdraw pursuant to *Anders*, *Santiago*, and *McClendon*. These mandates are not overly burdensome and have been summarized as follows:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf).

*Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007) (citations omitted).

Here, counsel has provided the facts and procedural history of the case, and avers that, after a thorough review of the record, he finds the appeal to be wholly frivolous, and states his reasons for this conclusion. Counsel provided a copy of the petition and *Anders* brief to Shoemaker, advised him of the right to retain new counsel, or proceed *pro se*, and raise any additional points he deems worthy of this Court's attention. Accordingly, we find counsel has met the requirements of *Anders*, *McClendon* and *Santiago*.

- 3 -

Once counsel has satisfied the above requirements, this Court conducts its own review of the proceedings and renders an independent judgment as to whether the appeal is, in fact, wholly frivolous. *Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa. Super. 2004).

In his *Anders* brief, the sole issue of arguable merit raised by counsel is whether the trial court committed a manifest abuse of discretion by ordering that Shoemaker serve his sentence of 1½ to 3 years for forgery consecutively to his aggregate sentence of 11 years and 4 months to 25 years' incarceration for sexually based offenses.

Shoemaker's allegation that his sentence was excessive is a challenge to the discretionary aspect of his sentence, which is not appealable as of right. Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by satisfying a four-part test. *Commonwealth v. Prisk*, 13 A.3d 526 (Pa. Super. 2011).

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Id.* at 532, citing *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006).

Here, Shoemaker filed a timely notice of appeal, and has preserved his claim by raising it at his sentencing hearing and in his statement of errors

complained of on appeal. Finally, Shoemaker's counsel has included in his *Anders* brief a statement pursuant to Pa.R.A.P. 2119(f), claiming that the trial court imposed an excessive sentence.

Judicial review of the discretionary aspects of a sentence is granted only upon a showing that there is a substantial question that the sentence was inappropriate and contrary to the fundamental norms underlying the Sentencing Code. *Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa. 1987). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision in the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Brown*, 741 A.2d 726, 735 (Pa. Super. 1999) (en banc).

Shoemaker argues that he raises a substantial question as to whether the imposition of a consecutive sentence is "contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Bullock*, 868 A.2d 516, 528 (Pa. Super. 2005). He "argues that such a sentence is excessive given the significant amount of time (at least 11 years) already imposed." Appellant's Brief, at 8.

As a general rule, "a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question." *Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013). "The imposition of consecutive, rather than concurrent, sentences may raise a

substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Commonwealth v. Moury*, 992 A.2d 162, 171-72 (Pa. Super. 2010).

Here, Shoemaker has failed to articulate why imposing a 1½ to 3 year sentence for forgery consecutively to an aggregate sentence of 11 years and 4 months to 25 years for serious offenses against minors is excessive. This is in stark contrast to *Dodge*, where we held that a sentence of 58½ to 124 years' imprisonment based on consecutive sentences for thirty-seven theft related offenses was excessive, and thus raised a substantial question.

Shoemaker has failed to raise a substantial question, and therefore is not entitled to review of the discretionary aspect of his sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

ALLEN, J., Joins the memorandum.

BOWES, J., Concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/10/2015

- 6 -