J. A04002/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MONE PARKER, | : | No. 1428 WDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, July 30, 2014,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0003487-2013

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., AND SHOGAN, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:             **FILED JULY 20, 2016**

Mone Parker appeals from the judgment of sentence entered by the Court of Common Pleas of Allegheny County as a result of her conviction for aggravated assault -- serious bodily injury, 18 Pa.C.S.A. § 2702(a)(1).

Matthew Rabinowitz, Esq., the Commonwealth's attorney, summarized the facts at appellant's guilty plea hearing:

> This occurred on February 22, 2013, at the [appellant's] residence . . . in McKees Rocks.  The victim, Jonesha Huggins, would have testified that she was the daughter of the [appellant].  She would testify that she received a phone call from the [appellant], her mother, asking her to come over to the mother's residence . . . .
>
> She would testify that when she got there she went up the stairs and her mother basically pushed her into a bedroom and pulled out a gun and put her against . . . had her up against a wall on her knees, more or less up against a wall, and she would testify

that at some point her mother pulled out a gun and held it to her head and began threatening her regarding some money that she believed Ms. Huggins [had] stolen from her. She would testify that she moved her head and just as she moved her head a shot was fired. It grazed her ear and she then ran out of the house. That is the sum of the facts.

The McKees Rocks police would testify that they found a firearm, a bullet and a shell casing in the room where this occurred. That is the sum and substance of the case.

Notes of testimony, 1/15/14 at 5-6.[1]

On January 15, 2014, appellant pled guilty to aggravated assault. The Commonwealth withdrew the other charges. The trial court accepted the plea. Sentencing was deferred pending the preparation of a pre-sentence investigative report ("PSI").

At the sentencing hearing, Courtney Michele Blackwell ("Blackwell"), whose godson was appellant's grandchild, testified in support of appellant and stated that when her mother left when she was 16 years old, appellant "stepped up and became that motherly figure that I needed. She's guided me back to school and to keep my life on track." (Notes of testimony, 4/8/14 at 5.) Kennie Shantel Bryant, appellant's 21-year-old daughter,

---

[1] In addition to aggravated assault, appellant was charged with criminal attempt at criminal homicide, 18 Pa.C.S.A. § 901(a); discharging a firearm into an occupied structure, 18 Pa.C.S.A. § 2707.1(a); unlawful restraint, 18 Pa.C.S.A. § 2902(a)(1); two counts of endangering the welfare of children, 18 Pa.C.S.A. § 4304(a)(1); and three counts of recklessly endangering another person, 18 Pa.C.S.A. § 2705.

testified on her mother's behalf. Appellant testified that she was "adamantly remorseful about the situation that transpired." (*Id.* at 8.) Appellant explained that she made a bad decision but since then had completed domestic violence counseling. She also saw a therapist and attended anger management. (*Id.* at 8.)

Jonesha Huggins ("Huggins"), the victim, testified on behalf of the Commonwealth that as a result of the incident, she entered a state of depression where she started drinking and that she did not believe the trial court should show appellant any mercy. (*Id.* at 12.)

The trial court sentenced appellant to a term of four to eight years' incarceration followed by five years of probation.

Appellant moved for reconsideration of the sentence. At the hearing on the post-sentencing motion, Blackwell again testified in support of appellant. Also testifying on appellant's behalf were Richard O'Shea, the brother of a disabled individual for whom appellant provided care; Gary Walker, a neighbor of the disabled individual; and Jacqueline Freeman and Melissa Ann Caldwell, friends of appellant.

The trial court denied the motion. The trial court explained its reasoning for the sentence:

> The record reflects that the Court reviewed the presentence report and the sentencing guidelines as well as defense counsel's request that the Court deviate from the guidelines. The Court noted that while the victim did not sustain a permanent injury, she had been put in fear of serious bodily injury and

could be expected to suffer from post-traumatic stress from having a gun placed to her head. The Court then imposed a sentence within the standard range of the guidelines. At the hearing on the motion for reconsideration on July 28, 2014, the Court again noted: "She put a gun to somebody's head." (Post-Sentence Transcript at page 3). The Court further stated: "A loaded gun . . . and shot her in the ear. An inch the other way, you got a dead person." (Post-Sentence Transcript at page 4).

. . . .

The Court sentenced Parker in the standard range of the Sentencing Guidelines. The sentence is not clearly unreasonable and is based upon the facts of this particular case. Parker called her own child to her house, accused her of stealing money, placed a gun to her head and pulled the trigger. Only by the grace of God did the victim not die or suffer serious bodily injury. Had the Commonwealth pursued it, Parker would have been facing a mandatory minimum sentence of incarceration of five (5) years for a crime committed with a firearm. A sentence that is less than the mandatory minimum that could have been applied in this case is clearly a reasonable sentence.

The Court considered all relevant factors in the presentence report, the testimony presented on Parker's behalf, the fact that Parker had no prior record as well as the facts of the case in fashioning an appropriate sentence. No abuse of discretion exists in this matter and the judgment of sentence imposed upon Parker should be affirmed.

Trial court opinion, 5/29/15 at 2-4.

Appellant raises the following issue for this Court's review:

> I. Did the trial court fail to adequately consider and apply all of the relevant sentencing criteria, including [appellant's] character and rehabilitative needs, the gravity of the offense

as it relates to Huggins and the community, and the protection of the public, as required under 42 Pa.C.S.A. § 9721(b) (sentencing generally)?

Appellant's brief at 5 (capitalization omitted).

[T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. . . .[A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

***Commonwealth v. Moury***, 992 A.2d 162, 169-170 (Pa.Super. 2010)

(citation omitted).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, [752 A.2d 910, 912 (Pa.Super. 2000)]. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see***

> Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Moury***, 992 A.2d at 170 (citation omitted).

Here, we begin our analysis by determining whether appellant has complied with the procedural requirements of challenging her sentence. First, appellant timely filed her notice of appeal pursuant to Pa.R.A.P. 902 and 903. Second, she properly preserved the issue in a motion for modification of sentence which was filed on April 10, 2014. The trial court denied appellant's motion on July 30, 2014.

Third, appellant included a Rule 2119(f) statement in her brief, in which she avers that "the Trial Court did not consider Ms. Parker's rehabilitative needs, the protection of the public, or the gravity of the offense in relation to the impact on the community. Rather, the Trial Court considered only the offense's impact on Huggins." (Appellant's brief at 20.)

A substantial question is only raised on a sentence within the guidelines when there are circumstances in which "the application of the sentencing guidelines would be clearly unreasonable." ***Commonwealth v.***

*Dodge*, 77 A.3d 1263, 1270 (Pa.Super. 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014), quoting 42 Pa.C.S.A. § 9781(c)(2).

> In determining whether a substantial question exists, this Court does not examine the merits of whether the sentence is actually excessive. *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). Rather, we look to whether the appellant has forwarded a plausible argument that the sentence, when it is within the guideline ranges, is clearly unreasonable. Concomitantly, the substantial question determination does not require the court to decide the merits of whether the sentence is clearly unreasonable.

*Dodge*, 77 A.3d at 1270. Here, appellant alleges that the trial court failed to consider her rehabilitative needs when crafting its sentence. Appellant also alleges that the sentence did not take into account the protection of the public or the gravity of the offense in relation to the impact on the community. This court has held that such a combination constitutes a substantial question. *Commonwealth v. Riggs*, 63 A.3d 780 (Pa.Super. 2012). We, therefore, find that appellant has raised a substantial question, and will consider her appeal on its merits.

> Where the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 519 Pa. 88, 101-02, 546 A.2d 12, 18 (1988). *See also Commonwealth v. Tirado*, 870 A.2d 362, 368 (Pa.Super. 2005) (stating if sentencing court has benefit of PSI, law expects court was aware of relevant information regarding defendant's character and weighed those considerations along with any

> mitigating factors). Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code. *See Commonwealth v. Cruz-Centeno*, 447 Pa.Super. 98, 668 A.2d 536 (1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (stating combination of PSI and standard range sentence, absent more, cannot be considered excessive or unreasonable).

*Moury*, 992 A.2d at 171.

> [W]hile a sentence may be found unreasonable after review of Section 9781(d)'s four statutory factors, in addition a sentence may also be unreasonable if the appellate court finds that the sentence was imposed without express or implicit consideration of the general standards applicable to sentencing found in Section 9721, *i.e.*, the protection of the public; the gravity of the offense in relation to the impact on the victim and the community; and the rehabilitative needs of the defendant.

*Commonwealth v. Walls*, 926 A.2d 957, 964 (Pa. 2007).

Appellant argues that the mitigating evidence here was extensive and compelling such as to render the sentence unreasonable. She also argues that the trial court disregarded the force of the evidence when it relied on Huggins's testimony which was in stark contrast to the testimony of the other witnesses and which focused in part on events of the past which indicated past problems between appellant and Huggins.

Here, the trial court indicated on the record that it read appellant's PSI. (Notes of testimony, 4/8/14 at 17.) Because the trial court reviewed appellant's PSI, it is presumed that the trial court was aware of appellant's rehabilitative needs as well as any other mitigating factors. *Devers*. The

trial court further stated that it reviewed all of the factors in the case before it and sentenced appellant to a term of four to eight years' incarceration. (*Id.* at 17-18.) The trial court did not indicate that it relied on Huggins's testimony concerning the alleged treatment of her by appellant when Huggins was a child. At the post-sentencing hearing, appellant's counsel acknowledged that the sentence was within the standard range of the sentencing guidelines. (Notes of testimony, 7/28/14 at 5.) Because the trial court sentenced appellant within the standard range and stated on the record that it reviewed the PSI, the guidelines, and all of the factors with respect to sentencing before it, this court, therefore, finds that the sentence imposed is appropriate under the Sentencing Code, and appellant's contentions are without merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2016