J-S54026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRIAN TRAVELL THURMON | |
| Appellant | No. 1958 WDA 2015 |

Appeal from the Judgment of Sentence November 17, 2010
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0003900-2007

BEFORE:  BENDER, P.J.E., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                **FILED SEPTEMBER 08, 2016**

Brian Travell Thurmon appeals from the judgment of sentence imposed on November 17, 2010,[1] in the Court of Common Pleas of Allegheny County. On August 25, 2010, Thurmon pleaded guilty to one count each of burglary, involuntary deviate sexual intercourse (IDSI), and conspiracy to commit IDSI.[2]  The trial court imposed an aggregate sentence of imprisonment of 9½ to 19 years, followed by a five year period of probation.  Specifically, the trial court sentenced Thurmon to 3 to 6 years' imprisonment on the burglary charge, a consecutive term of 6½ to 13 years' imprisonment on the IDSI

_____

[1] The procedural history preceding this direct appeal, which comes before this Court almost six years after Thurmon's sentence was imposed, is discussed below.

[2] *See* 18 Pa.C.S. §§ 3502(a), (c)(1), 3123(a), and 903.

charge, and a five-year period of probation on the charge of conspiracy to commit IDSI. In this appeal, Thurmon challenges the discretionary aspects of his sentence. Based upon the following, we affirm.

A factual stipulation was incorporated into the plea and since the parties are well acquainted with the underlying facts, we will not restate them here. In relevant part, we note that the charges against Thurmon arose as a result of an incident that occurred on January 6, 2007, at approximately 4:00 or 4:30 A.M. At that time, Thurmon, with co-defendants Dunaun McFadden, James Lipscomb, and Susan Wygant drove to a predesignated location where McFadden had agreed to meet an individual named Keith Doolin. Doolin owed McFadden for crack cocaine he had received on consignment from McFadden. Thurmon and his co-defendants arrived at the meeting place outside Doolin's residence in a van driven by Lipscomb. Doolin began negotiating with McFadden, but Doolin ran away when he thought one of the occupants in the rear of the van was reaching for a firearm.

Thurmon and McFadden then left the van and went to Doolin's residence where Doolin's girlfriend, the victim, and her six-year-old child were inside. McFadden pushed his way into the residence, Thurmon also entered the residence and, in the basement, Thurmon sexually assaulted the victim after McFadden threatened her with a rubber mallet.

Wygant entered the residence with Lipsomb and warned McFadden that police were coming and they had to get out of there. McFadden forced

the victim and her child to leave the residence. Lipscomb drove McFadden, Thurmon, Wygant and the victim and her child to the Pittsburgh area. At some point, Thurmon got out of the van. **See** N.T., 8/10/2010, at 11–18.

Thurmon initially proceeded to trial with his co-defendants, and the trial ended in a mistrial as to all defendants. Thereafter, Thurmon filed a motion to dismiss based on double jeopardy grounds. The trial court denied the motion, and this Court affirmed. **See Commonwealth v. Thurmon**, 996 A.3d 558 (Pa. Super. 2010) (filed March 16, 2010) (unpublished memorandum).

On August 25, 2010, Thurmon pleaded guilty as stated above, and, on November 17, 2010, the trial court imposed the sentence at issue in this appeal. No timely post sentence motion was filed.

On December 3, 2010, Thurmon, acting *pro se,* filed an untimely motion to reconsider sentence, which the court treated as a PCRA petition. Counsel was appointed and subsequently filed a **Turner/Finley**[3] no-merit letter and a motion to withdraw as counsel. On December 14, 2011, the PCRA court granted counsel's motion to withdraw, and issued Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing. The PCRA

_____

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988)(*en banc*).

court dismissed the PCRA petition on June 19, 2012, and Thurmon appealed to this Court.

In response to the appeal, the PCRA court, on November 7, 2012, filed an opinion, stating counsel's **Turner/Finley** no-merit letter failed to meet the necessary requirements, and requesting this Court to remand the case for appointment of counsel and a hearing to address Thurmon's claims. On January 11, 2013, pursuant to a motion for remand filed by Thurmon, this Court vacated the PCRA court's denial of relief and remanded the case to the PCRA court for proceedings consistent with the PCRA court's November 7, 2012 Pa.R.A.P. 1925(a) opinion.

On February 1, 2013, the PCRA court appointed counsel. Subsequently, on May 24, 2013, Thurmon filed an amended PCRA petition that sought reinstatement of his right to litigate his post sentence motion, and also filed a counseled motion for reconsideration of sentence *nunc pro tunc*. The Commonwealth answered Thurmon's petition, stating that it did not oppose reinstatement of Thurmon's post sentence rights, and the PCRA court reinstated Thurmon's post sentence rights on July 11, 2013. On October 10, 2013, the court conducted a hearing on the post sentence motion for reconsideration of sentence *nunc pro tunc*. By order entered October 15, 2013, the motion was denied. No appeal was taken.

On October 21, 2014, Thurmon filed a *pro se* PCRA petition. Counsel was appointed, and filed an amended petition that alleged appellate counsel

- 4 -

was ineffective for failing to file a requested appeal. The Commonwealth filed an answer that stated it did not oppose the reinstatement of appellate rights *nunc pro tunc* to review the denial of the post sentence motion. On December 11, 2015, the PCRA court reinstated Thurmon's appellate rights. This appeal followed.[4]

The sole question presented by Thurmon is "Whether the Court erred in denying [Thurmon's] post sentence motion when the record shows that the Court abused its discretion by sentencing [Thurmon] without proper consideration of numerous mitigating factors[.]" Thurmon's Brief, at 3.

Before we can address the merits of this claim, we are required to determine whether this challenge to the discretionary aspect of his sentence represents a substantial question. *See Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa. 1987). To that end, a defendant is required to submit a Pa.R.A.P. 2119(f) statement of reasons relied upon for allowance of appeal. *Id*. Rule 2119(f) requires the statement to be set forth in a separate section of the brief immediately preceding the argument on the merits. If no such statement has been included and if the appellee objects, as the

_____

[4] On December 15, 2015, Thurmon filed a notice of appeal to this Court. By order filed January 11, 2015, the trial court ordered Thurmon to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Thurmon timely complied by filing a concise statement on January 28, 2016. On February 22, 2016, the trial court filed a Rule 1925(a) opinion in support of its order denying Thurmon's post sentence motion seeking reconsideration of sentence.

Commonwealth has done instantly, we are precluded from addressing the merits of the argument. *See Commonwealth v. Bruce,* 916 A.2d 657, 666 (Pa. Super. 2007) ("A failure to include the Rule 2119(f) statement does not automatically waive an appellant's argument; however, we are precluded from reaching the merits of the claim when the Commonwealth lodges an objection to the omission of the statement.")  Accordingly, in this appeal, because no separate Rule 2119(f) statement is included in Thurmon's brief, and the Commonwealth has objected, we are required to find this claim waived.[5]

Judgment of sentence affirmed.

_____

[5] Even if we considered Thurmon's discretionary sentencing challenge, no relief would be due.  Prior to sentencing Thurmon, the trial court had the benefit of a presentence report, and also heard Thurmon's mother's testimony, Thurmon's counsel's argument discussing mitigating factors, and Thurmon's allocution. The trial court was fully apprised of all relevant mitigating considerations, and there is ample support in the record for the sentence fashioned by the trial court.  Accordingly, we would find no abuse of discretion by the court in imposing the standard range, consecutive sentences of imprisonment that total 9½ to 19 years. N.T., 4/16/2015, at 85.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/8/2016