J-A27005-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
STUART WAYNE BRYANT :
:
Appellant : No. 1193 MDA 2021

Appeal from the Judgment of Sentence Entered June 18, 2021
In the Court of Common Pleas of Mifflin County Criminal Division at
No(s): CP-44-CR-0000471-2019

BEFORE:   DUBOW, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                        **FILED JANUARY 19, 2023**

Appellant, Stuart Wayne Bryant, appeals from the Judgment of

Sentence entered on June 18, 2021 in the Court of Common Pleas of Mifflin

County, after a jury convicted him of, *inter alia*, Third-Degree Murder, Driving

Under the Influence ("DUI"), and Homicide by Vehicle While DUI. Appellant

challenges the trial court's denial of two pretrial motions to suppress certain

evidence and the discretionary aspects of his sentence. After careful review,

we affirm.

This case involves a DUI car crash on January 28, 2019, caused by

Appellant, that killed Harry Aultz. Evidence and testimony at the hearing on

Appellant's omnibus pretrial motion established that shortly before the crash,

Appellant drove erratically, dangerously, and at speeds up to 114 miles per

_____

[*] Retired Senior Judge assigned to the Superior Court.

hour.[1] When his car collided with Mr. Aultz's vehicle head-on, Appellant was driving 94 miles per hour.

Granville Township Police Chief Craig Weston was the first emergency responder to the scene of the crash. During investigation, Chief Weston found a broken bottle of scotch whiskey on the front passenger-side floor of Appellant's vehicle.

Appellant was taken by helicopter to Geisinger Holy Spirit Hospital. Hospital personnel drew Appellant's blood for medical purposes shortly after his arrival. Then, several hours later and at Chief Weston's request, Pennsylvania State Trooper Christina Fow went to the hospital to obtain Appellant's consent for a second blood draw. After reading Appellant the Pennsylvania DL-26 form,[2] Trooper Fow obtained Appellant's consent. The State Police blood draw revealed that Appellant's blood-alcohol content ("BAC") was 0.283% several hours after the crash.

On September 18, 2019, police charged Appellant by criminal complaint with, *inter alia*, Third-Degree Murder, Homicide by Vehicle While DUI, and DUI. Police took Appellant into custody the following day.

_____

[1] Witnesses testified that before he collided with Mr. Aultz, Appellant rear-ended another vehicle, drove over three street signs, and made several illegal and dangerous driving maneuvers. The crash occurred in a 35-mile-per-hour zone.

[2] The DL-26 form encompasses the warnings established pursuant to 75 Pa.C.S. § 1547(b)(2), commonly referred to as the Implied Consent Law.

- 2 -

On December 11, 2019, Appellant filed an omnibus pretrial motion seeking, *inter alia*, to suppress the State Police blood draw as the fruit of an improper arrest conducted without a warrant or probable cause. After conducting a hearing, the court denied Appellant's motion.

On December 27, 2019, the Commonwealth issued a subpoena to Geisinger Holy Spirit Hospital to obtain Appellant's medical records, specific to evidence of his BAC from the medical blood draw conducted on the night of the crash.[3] On January 7, 2020, the Commonwealth obtained the requested records.

On March 31, 2021, Appellant filed a motion to suppress evidence of his BAC obtained from his medical records, as the Commonwealth obtained the records without a warrant. The same day, the court held a hearing on Appellant's motion. At the hearing, the court found that the Commonwealth was required to obtain a warrant to seize Appellant's medical records. The parties agreed, however, that prevailing caselaw would allow the Commonwealth to obtain a warrant to remedy its error in subpoenaing Appellant's records.[4]  As a result, and because Appellant's trial was scheduled to begin 6 days later, the parties agreed that the Commonwealth would make an oral proffer on the record of the evidence that would support issuance of a warrant. That proffer, if sufficient to establish probable cause, would serve in

---

[3] Supplemental Pretrial Motion, 3/31/21, at ¶ 8(e).

[4] N.T. Hr'g, 3/31/21, at 20 (citing **Commonwealth v. Lloyd**, 948 A.2d 875, 882 (Pa. Super. 2008)).

lieu of a warrant to allow the Commonwealth to use evidence derived from Appellant's medical records at trial.

As discussed in detail *infra*, the court found that the Commonwealth's proffer established probable cause to support issuance of a warrant to seize Appellant's medical records. Following the Commonwealth's proffer, Appellant lodged an oral motion to suppress the evidence, challenging the sufficiency of the evidence to support a finding of probable cause. The court denied Appellant's motion.

Appellant's 3-day jury trial began on April 6, 2021. At the conclusion of trial, the jury convicted Appellant of, *inter alia*, Third-Degree Murder, Homicide by Vehicle While DUI, DUI—General Impairment, and DUI—Highest Rate.[5] On June 18, 2021, the court, aided by a pre-sentence investigation ("PSI") report, sentenced Appellant to a standard range sentence of 20-40 years' incarceration for the Third-Degree Murder conviction. The court imposed concurrent terms of incarceration for Appellant's other convictions.

Appellant timely filed a post-sentence motion contesting the court's exercise of sentencing discretion. On August 10, 2021, the court denied Appellant's motion. Appellant timely filed a Notice of Appeal and both he and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

---

[5] 18 Pa.C.S. § 2502(c); 75 Pa.C.S. §§ 3735(a), 3802(a)(1), and 3802(c), respectively.

1. Whether the lower court erred in denying [Appellant's] Motion to Suppress Evidence because there was insufficient probable cause to arrest [Appellant]?

2. Whether the lower court erred in denying [Appellant's] Motion to Suppress the seizure of [Appellant's] medical records because the search warrant was not supported by probable cause?

3. Whether the lower court abused the discretionary aspects of sentencing when it sentenced [Appellant] to a *de facto* life sentence of 20 to 40 years?

Appellant's Br. at 7.

**A.**

Appellant's first two issues challenge the trial court's denial of his motions to suppress evidence. "Once a motion to suppress evidence has been filed, it is the Commonwealth's burden to prove, by a preponderance of the evidence, that the challenged evidence was not obtained in violation of the defendant's rights." *Commonwealth v. Wallace*, 42 A.3d 1040, 1047–1048 (Pa. 2012). *See also* Pa.R.Crim.P. 581(H). "Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." *Commonwealth v. Evans*, 153 A.3d 323, 327 (Pa. Super. 2016) (citation omitted). We consider only the evidence of the prosecution and uncontradicted evidence of the defense, as presented at the suppression hearing. *Id.* "Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error." *Commonwealth v. Eichinger*, 915 A.2d 1122, 1134 (Pa. 2007).

**B.**

In his first issue, Appellant argues that the trial court erred by not suppressing the results of the State Police blood draw. Appellant's Br. at 28-31. He claims that when Trooper Fow read him the DL-26 form on the night of the crash, she placed him under arrest.[6] Immediately after, Appellant consented to the blood draw. He alleges that Trooper Fow's arrest was not supported by probable cause and, therefore, the court should have suppressed evidence of his BAC from the subsequent blood draw. *Id.*

Appellant's argument is based on the procedural misapprehension that he was arrested on January 28, 2019. The record reveals, however, that police arrested Appellant on September 19, 2019.[7] Since the blood draw in question

---

[6] The DL-26 form included the language: "You are under arrest for driving under the influence of alcohol or a controlled substance in violation of Section 3802 of the Vehicle Code." N.T. Hr'g, 5/27/20, at 27.

[7] Whether Trooper Fow arrested Appellant is a "question of law subject to plenary review." **Commonwealth v. Lyles**, 97 A.3d 298, 302 (Pa. 2014). An arrest exists where the police (1) intended to take the person into custody, **and** (2) subjected the person to actual control. **Commonwealth v. Yandamuri**, 159 A.3d 503, 518 (Pa. 2017). That the police read the person form DL-26 is but one factor for the court to consider. **See Maletic v. Dept. of Transp., Bureau of Driver Licensing**, 819 A.2d 640, 643-44 (Pa. Cmwlth. 2003) (*en banc*) (finding arrest where police read form DL-26 to appellant and testified to a clear intent to arrest appellant). **See also Mason v. Commonwealth, Dept. of Transp., Bureau of Driver Licensing**, No. 2684 C.D. 2010, 2011 WL 10893865 at *3-5 (Pa. Cmwlth. 2011) (finding, based on totality of circumstances, that police did not arrest appellee despite reading her form DL-26).

Here, the record is devoid of any indication that Trooper Fow physically denied Appellant's freedom of action in any way. Additionally, aside from reading

*(Footnote Continued Next Page)*

occurred prior to Appellant's arrest, the legality of Appellant's arrest that occurred nearly nine months later has no bearing on whether the evidence derived from the blood draw should have been suppressed.[8] Consequently, we affirm the trial court's denial of Appellant's motion to suppress the BAC from the State Police blood draw.

**C.**

In his second issue, Appellant argues that the trial court erred by denying his oral motion to suppress evidence derived from his medical records. Appellant's Br. at 31-33. As stated *supra*, to remedy its error of obtaining Appellant's medical records without a warrant,[9] the Commonwealth provided an oral proffer on the record at the March 31, 2021 hearing of the evidence to support a finding of probable cause. The Commonwealth asserted, *inter alia*, that the State Police blood draw, which proved that Appellant's BAC was 0.283% after the crash, was sufficient to support issuance of a warrant for Appellant's medical records. N.T. Hr'g, 3/31/21, at 19.

_____

Appellant the DL-26 form, Trooper Fow expressed no intent to take Appellant into custody. Except for "minor conversation" about "how he was feeling," Trooper Fow exchanged no other words with Appellant. N.T. Hr'g, 5/27/20, at 25-28. Trooper Fow knew nothing about Appellant's case, did not interview Appellant, and was otherwise not involved in the investigation. **Id.** at 20, 22-25, 28. Thus, the record demonstrates that an objective person in Appellant's position would not believe that he was under arrest in January 2019.

[8] Appellant does not contest the voluntariness of the blood draw.

[9] When hospital personnel perform a blood draw for medical purposes, police must obtain a warrant to seize the associated medical records. **Commonwealth v. Shaw**, 770 A.2d 295, 299 (Pa. 2001).

The court found, based on the proffer, that probable cause existed to support issuance of a warrant to seize Appellant's medical records. *Id.* at 20-21. Appellant then lodged an oral motion to suppress, objecting to the sufficiency of the Commonwealth's evidence to establish probable cause. *Id.* The court denied the motion to suppress. *Id.* at 21. *See also* Trial Ct. Op., 9/28/21, at 3-4.

The record supports the court's finding. The Commonwealth provided probable cause for police to believe that Appellant was DUI by virtue of the State Police blood test results. This would have been sufficient to allow the Commonwealth to obtain a warrant for Appellant's medical records. We discern no trial court error.

**D.**

In his final issue, Appellant challenges the court's exercise of sentencing discretion. An appellant raising such a challenge is not entitled to review as of right; rather, a challenge in this regard is properly viewed as a petition for allowance of appeal. 42 Pa.C.S. § 9781(b); ***Commonwealth v. Tuladziecki***, 522 A.2d 17, 18-19 (Pa. 1987); ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1265 (Pa. Super. 2014) (*en banc*).

To obtain this Court's review, an appellant challenging the discretionary aspects of his sentence must comply with the following requirements: (1) file a timely notice of appeal; (2) preserve the issue at sentencing or in a motion to reconsider and modify sentence; (3) include within his brief a concise statement of the reasons relied upon for allowance of appeal as required by

Pa.R.A.P. 2119(f); and (4) raise a substantial question that the sentence is inappropriate under the Sentencing Code. ***Commonwealth v. Carrillo-Diaz***, 64 A.3d 722, 725 (Pa. Super. 2013).

Here, Appellant timely filed his appeal, preserved his claim in a post-sentence motion, and included in his brief a Rule 2119(f) Statement. In the statement, Appellant alleges that the trial court abused its discretion by imposing upon Appellant an "unreasonable" and excessive sentence, which will expire when he is 100 years old, without due consideration of his age and lack of need for rehabilitation. Appellant's Br. at 25-27. This raises a substantial question for our review. ***Commonwealth v. Perry***, 883 A.2d 599, 602 (Pa. Super. 2005). We will review Appellant's claim.

Sentencing is a matter vested in the sound discretion of the sentencing judge, and we will not disturb a sentence on appeal absent a manifest abuse of discretion. ***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. Super. 2006). In this context, "the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." ***Id.*** (citation omitted). Additionally, since the court sentenced Appellant to a standard-range sentence,[10] we may only vacate Appellant's sentence if we find that "the case involves circumstances

---

[10] ***See Commonwealth v. Haynes***, 125 A.3d 800, 809 (Pa. Super. 2015) (explaining that a "sentence of twenty to forty years of incarceration for third-degree murder [is] a standard-range sentence").

where the application of the guidelines would be clearly unreasonable." 42 Pa.C.S. § 9781(c)(2).

When imposing sentence, "the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant[.]" ***Commonwealth v. Coulverson***, 34 A.3d 135, 144 (Pa. Super. 2011) (citation omitted). "Where the sentencing court had the benefit of a presentence investigation report ('PSI'), we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010) (citation and internal quotation marks omitted).

Before imposing the instant sentence, the court indicated that it had read the PSI report, victim impact statements, and Appellant's sentencing memorandum, and reviewed the guidelines and verdict slip. N.T. Sentencing, 6/18/21, at 3. The court also heard argument by counsel for Appellant and the Commonwealth and testimony from multiple witnesses. ***Id.*** at 4-63. The court then heard from Appellant. ***Id.*** at 64-69.

By reviewing the PSI report before imposing sentence, the court satisfied the requirement that it consider and weigh all sentencing factors, including Appellant's age and rehabilitative needs. The court then imposed a standard-range sentence for Third-Degree Murder. Nothing in the record gives

us reason to conclude that imposition of the standard range sentence was unreasonable.[11] We, thus, discern no abuse of sentencing discretion.

In conclusion, we affirm the trial court's denial of Appellant's motions to suppress, and we discern no abuse of sentencing discretion.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/19/2023

---

[11] Contrary to Appellant's assertion, there is nothing inherently unreasonable about the fact that Appellant's maximum sentence will expire when he is 100 years old. Appellant, who was 62 years old at the time of sentencing, is not entitled to a sentencing discount due to his age.