J-S03042-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALFREDO FARFAN | : | |
| | : | |
| Appellant | : | No. 1981 EDA 2022 |

Appeal from the Order Entered June 22, 2022
In the Court of Common Pleas of Northampton County
Criminal Division at No(s):  CP-48-CR-0002071-2021

BEFORE:  BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:               **FILED JUNE 13, 2023**

Alfredo Farfan ("Farfan") appeals from the judgement of sentence imposed following his conviction for involuntary deviate sexual intercourse ("IDSI") with a child (less than 13 years of age) and corruption of minors.[1] We affirm.

In March 2022, pursuant to a plea agreement, Farfan entered an open guilty plea to the above offenses, which stemmed from his sexual assault of a twelve-year-old girl on multiple occasions between 2017 and 2018.  Pursuant to the plea agreement, the Commonwealth dismissed five other criminal charges arising from the sexual assaults.  The trial court ordered that a presentence investigation report ("PSI") be prepared in advance of the

_____

[1] **See** 18 Pa.C.S.A. §§ 3123(b), 6301(a)(1)(ii).

sentencing hearing. On June 22, 2022, the trial court conducted a sentencing hearing at which Farfan's sister and daughter testified, and the impact statement prepared by the child victim was read into the record. At the conclusion of the hearing, the trial court imposed a standard range sentence of twelve to twenty-four years in prison for IDSI,[2] and a consecutive standard range sentence of one to two years in prison for corruption of minors, for an aggregate term of thirteen to twenty-six years in prison.[3] Farfan filed a motion to reconsider sentence which the trial court denied.[4] Farfan then filed a timely notice of appeal and a court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[5]

_____

[2] Farfan's conviction for IDSI of a child less than thirteen years of age required the imposition of a mandatory minimum sentence of ten to twenty years in prison. **See** 42 Pa.C.S.A. § 9718(a).

[3] The trial court also determined that Farfan was subject to lifetime registration requirements pursuant to the Sex Offender Registration and Notification Act ("SORNA II"), 42 Pa.C.S.A. § 9799.10 *et seq*. As Farfan has not appealed his registration requirements, we need not address them.

[4] In his post-sentence motion, Farfan argued that his sentence "is an extremely severe punishment in regards to [his] background," noting that his prior record score was zero and that he has never had any infractions with the law. Petition for Reconsideration of Sentence, 7/1/22, at unnumbered 1. Farfan additionally argued that his convictions stemmed from the same incident with the same victim, and that his sentences should therefore be imposed to run concurrently, resulting in a reduced aggregate prison term of ten to twenty years. **See id**.

[5] In his Rule 1925(b) concise statement, Farfan argued that his sentence "represented an unreasonable and excessive sentence which failed to consider mitigating factors." Concise Statement, 8/10/22, at unnumbered 1. In lieu

*(Footnote Continued Next Page)*

Farfan raises the following issue for our review:

Did the trial court err when it imposed a sentence inconsistent with the Sentencing Code and/or contrary to the fundamental norms which underlie the sentencing process, in that said sentence constituted an abuse of discretion because the sentence imposed represented an unreasonable and excessive sentence which failed to consider mitigating factors?

Farfan's Brief at 7 (unnecessary capitalization omitted).

Farfan's issue presents a challenge the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue, this Court conducts a four-part analysis to determine:

(1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [***see***] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [***see***] 42 Pa.C.S.A. § 9781(b).

***Id***. at 170 (citation omitted). When an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. ***See Commonwealth v. Yanoff***, 690 A.2d 260,

---

of authoring a Rule 1925(a) opinion, the trial court directed this Court to the place in the record where the reasons for its judgment of sentence may be found. ***See*** Pa.R.A.P. 1925(a).

- 3 -

267 (Pa. Super. 1997); *see also Commonwealth v. Tuladziecki*, 522 A.2d 17, 18 (Pa. 1987); 42 Pa.C.S.A. § 9781(b).

In the instant case, Farfan filed a timely post-sentence motion and a timely notice of appeal, and included in his appellate brief a separate Rule 2119(f) statement. As such, he is in technical compliance with the requirements to challenge the discretionary aspects of his sentence. *See Commonwealth v. Rhoades*, 8 A.3d 912, 916 (Pa. Super. 2010). Thus, we will proceed to review the Rule 2119(f) statement to determine whether Farfan has presented a substantial question for our review.

We determine the existence of a substantial question on a case-by-case basis. A substantial question exists only when:

> the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. Additionally, we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists.

*Commonwealth v. Diehl*, 140 A.3d 34, 44-45 (Pa. Super. 2016) (internal citations and quotation marks omitted).

In his Rule 2119(f) statement, Farfan maintains that the sentencing court abused its discretion by imposing consecutive sentences for an aggregate prison sentence of thirteen to twenty-six years without adequately considering certain mitigating factors, such as Farfan's history of employment,

lack of a prior criminal record, and his financial and emotional support for his family. **See** Farfan's Brief at 15-16.

Initially, we observe that Farfan has waived any challenge the consecutive nature of his sentences. Although Farfan challenged the consecutive nature of his sentences in his post-sentence motion, he failed to preserve that challenge in his concise statement, wherein he claimed only that the trial court imposed "an unreasonable and excessive sentence which failed to consider mitigating factors." Concise Statement, 8/10/22, at unnumbered 1; **see also** Pa.R.A.P. 1925(b)(4)(vii) (providing that issues not included in the concise statement are waived). Moreover, in the trial court, the only mitigating factors that Farfan claimed the court failed to consider were his prior record score of zero and lack of prior infractions with the law. **See** Petition for Reconsideration of Sentence, 7/1/22, at unnumbered 1. As Farfan did not raise any other challenge in the trial court regarding the court's lack of consideration of other mitigating factors, he failed to preserve any challenge regarding other mitigating factors for our review. **See** Pa.R.A.P. 302(a) (providing that issues not raised in the lower court are waived and cannot be raised for the first time on appeal).

Nevertheless, to the extent that Farfan claims that his sentence is excessive and that the trial court failed to consider that he had a prior record score of zero and no prior infractions with the law, we conclude that he has raised a substantial question for our review. **See Commonwealth v. Hill**,

- 5 -

210 A.3d 1104, 1116 (Pa. Super. 2019) (finding a substantial question where the appellant averred that the trial court failed to consider certain sentencing factors in conjunction with an assertion that the sentence imposed was excessive); *see also Commonwealth v. Bonner*, 135 A.3d 592, 604 (Pa. Super. 2016) (holding that a claim that a standard range consecutive sentence was excessive and the trial court failed to consider rehabilitative needs raises substantial question); *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2015) (holding that "[t]his Court has held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question"). Therefore, we will proceed to address the merits of Farfan's discretionary aspects of sentencing claim.

Our standard of review of a discretionary sentencing claim is well-established:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Bankes*, 286 A.3d 1302, 1307 (Pa. Super. 2022) (citation omitted). "[W]hen imposing sentence, the trial court is granted broad discretion, as it is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." *Commonwealth v. Mulkin*, 228 A.3d 913, 917 (Pa. Super. 2020).

The Pennsylvania Supreme Court has explained the reason for our deferential review as follows:

> [T]he sentencing court is in the best position to measure various factors and determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed.

*Commonwealth v. Pasture*, 107 A.3d 21, 27 (Pa. 2014) (citations omitted); *see also Commonwealth v. Brown*, 249 A.3d 1206, 1217 (Pa. Super. 2021) (holding that "when reviewing sentencing matters, this Court must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime").

When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. *See Commonwealth v. Taylor*, 277 A.3d 577, 593 (Pa. Super. 2022). In considering these factors the court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. *Id*. However, when a PSI exists, we "presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Conte*, 198 A.3d 1169, 1177 (Pa. Super. 2018)

- 7 -

(emphasis added; citation omitted). Stated differently, where a sentencing court is informed by a PSI, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009*)* (citing ***Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988)).

Here, Farfan concedes that the trial court correctly applied the sentencing guidelines and that his sentences fall within the standard range of the sentencing guidelines. Farfan further concedes that, where the trial court had the benefit of a PSI, this Court will presume that the trial court was aware of and weighed all relevant evidence, including any mitigating factors. Farfan nevertheless contends that his sentence was clearly unreasonable given that he has no prior criminal record.

At the sentencing hearing, the trial court expressed its reasoning for the sentence imposed as follows:

> [I]n terms of trying to fashion an appropriate sentence in this matter, the court has taken into consideration all the information that was supplied to the court at the time that [Farfan] entered his guilty pleas. The court has also taken into consideration all the information that has been presented to the court today at the sentencing proceeding including but not limited to the testimony of [Farfan's] sister and [his] daughter as well as the impact statement that was read into the record by the assistant district attorney that was written by the victim in this case.
>
> The court has taken into consideration the arguments of both the defense counsel and the assistant district attorney. . . .

The court takes into consideration the mitigating standard and aggravated ranges of both of. those offenses as set forth on the Pennsylvania Commission on Sentencing Guideline Forms. ***The Court takes into consideration the fact that [Farfan] has a prior record score of 0***. ***The court has reviewed the information that was set forth in the [PSI] report dated June 15, 2022***. The court has also reviewed the report of the Pennsylvania Board of Sexual Offenders Assessment Board, notes that in that report that it was determined that . . . Farfan does not meet the criteria to be classified as a sexually violent predator under [SORNA II]. The court also has reviewed and takes into consideration the psychosexual evaluation report.

[The court has] also taken into consideration the information regarding this offense, and the court is very concerned about what happened to this young girl. As noted by the assistant district attorney, she was a 12-year-old girl at the time of these sexual assaults, and . . . Farfan was 50 years of age. The court takes into consideration that [Farfan] prior to these offenses appears to have lived a law-abiding life, as far as we know. ***There's no information that was presented to the court that he had any type of problems with criminal matters either in his home country or here in the United States***, and he's been here for a number of years. The court notes that he has been employed and has supported his family for a long period of time and has been described by his family, daughter and sister, as a good person.

The court is a little bit perplexed because in some of the information that has been presented in the reports it appears that at times [Farfan] has expressed remorse, but then at times he also has blamed the victim for what happened, and that is of concern to us as well. The court also notes that, as the assistant district attorney noted, this is not a situation where it was a lapse of judgment on one occasion. This was an ongoing event that put this young girl in a situation of being available for [Farfan] at any time he thought it was an appropriate time that he could take advantage of this child and engage in the sexual abuse of this child.

I also am concerned and take into consideration the fact that as noted again by the assistant district attorney that [Farfan] used his character and his ability to gain trust to be involved in this family and to ultimately to commit these very serious crimes

against this young girl. And despite the fact that [Farfan] has a record of no criminal matters in his past, these are very serious crimes against this victim, and there's trauma here to this young girl which is lifelong. It's a lifelong trauma to be the victim of sexual assaults at this age, of any age[,] but particularly her tender years at the age of 12. This crime that . . . Farfan committed has had impact on his own family, and he has brought pain to them as well.

It's not clear really to the court as to what's going on with . . . Farfan because there's no obvious information in these reports in terms of any mental health issues. There really has been nothing that's been identified that would impact or lead to these kinds of crimes. He seems to be a person who has been law-abiding his whole life. . . . I think that there might have been some alcohol issues at times here, but nothing that really strikes me as other than an inability to control himself and to be attracted in whatever way he was to a 12-year-old girl and take advantage of her in a sexual manner. . . . He's a danger to the community because of his inability to conduct himself in an appropriate fashion. I believe that[] it's a concern to the court for him to be around minor children in the future moving forward.

[Farfan] gets some credit for the fact that he has pleaded guilty to these crimes not requiring this child to undergo a trial and testimony in open court. Because of the nature of these crimes and the information that I've just made a part of the record, I do find that incarceration is necessary in this case and no other form of punishment would be sufficient.

N.T., 6/22/22, at 20-25 (unnecessary capitalization omitted, emphasis added).

After careful review, we conclude Farfan's standard range sentences were neither excessive nor unreasonable and discern no abuse of discretion by the trial court when imposing sentence. ***See***, ***e.g.***, ***Moury***, 992 A.2d at 171 (holding that "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the

Sentencing Code," and the sentence is not unreasonable where the trial court had the benefit of a PSI and imposed a standard range sentence); *see also Raven*, 97 A.3d at 1254-55 (holding that defendant's standard range sentences were neither unreasonable nor excessive where the "record reflects that the [sentencing] court carefully considered all of the evidence presented at the sentencing hearing").

Moreover, the record demonstrates that, when imposing Farfan's sentence, the trial court considered the PSI and

all mitigating factors, including Farfan's prior record score of zero and lack of a criminal record. *See* N.T., 6/22/22, at 20-25. As the trial court did not abuse its discretion, we affirm Farfan's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/13/2023

- 11 -