J-S12003-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ASHLEY LATIMER | : | |
| | : | |
| Appellant | : | No. 2090 EDA 2023 |

Appeal from the Judgment of Sentence Entered July 12, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0003246-2019

BEFORE: DUBOW, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.: **FILED MAY 20, 2024**

Appellant, Ashley Latimer, appeals from the July 12, 2023 violation of probation ("VOP") sentence imposed in the Montgomery County Court of Common Pleas following her guilty plea to new criminal charges. Appellant challenges the discretionary aspects of her VOP sentence. After careful review, we affirm.

**A.**

The relevant procedural history is as follows. On February 3, 2020, Appellant pleaded guilty to one count of Insurance Fraud (the "2020 Case").[1]

---

[1] 18 Pa.C.S. § 4117(a)(2).

The same day, the court sentenced Appellant to serve 3 years' probation, perform 50 hours of community service, and pay a civil penalty of $1,000.[2]

On July 10, 2023, she pleaded guilty to 7 counts of Identity Theft and 4 counts of Computer Theft (the "2023 Case"). The court sentenced her to an aggregate sentence of 2 to 5 years' incarceration followed by 2 years' probation.

On July 12, 2023, as a result of her guilty plea, Appellant stipulated that she violated her probation in the 2020 Case. That day, following Appellant's allocution, the court resentenced her to 2 to 7 years' incarceration, consecutive to the sentence in the 2023 Case. Appellant did not object to the sentence or file a post-sentence motion.

**B.**

On July 27, 2023, Appellant timely filed a *pro se* notice of appeal. Following the appointment of appellate counsel,[3] both Appellant and the VOP court complied with Pa.R.A.P. 1925. Appellant raises the following issues for our review:

> 1. Whether the [s]entencing [c]ourt abused its discretion following a revocation of probation hearing when imposing a 2 to 7 year state prison sentence consecutive to [] Appellant's 2 to 5 year state prison sentence plus two (2) years [of] probation without considering the Resentencing Guidelines and without adequately considering the seriousness and non-violent nature of the original

---

[2] The Commonwealth agreed to early termination if Appellant completed her community service and paid the civil penalty, but she did not.

[3] The court appointed the Public Defender's Office, who had represented Appellant at her VOP hearing.

crime, the characteristics of [] Appellant including the health and well-being of her children, [] Appellant's addiction to [f]entanyl and acceptance of responsibility.

2. Whether the [s]entencing [c]ourt's sentence was manifestly unreasonable or the result of partiality, prejudice, bias or ill-will given the seriousness and non-violent nature of the crime, the characteristics of the Appellant including the health and well-being of her children, [] Appellant's addiction to [f]entanyl and acceptance of responsibility.

Appellant's Br. at 6.

**C.**

Both of Appellant's claims challenge the discretionary aspects of her VOP sentence. Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right, and a challenge in this regard is properly viewed as a petition for allowance of appeal. 42 Pa.C.S. § 9781(b); *Commonwealth v. Tuladziecki*, 522 A.2d 17, 18 (Pa. 1987). An appellant challenging the discretionary aspects of her sentence must satisfy a four-part test. We evaluate: (1) whether Appellant filed a timely notice of appeal; (2) whether Appellant preserved the issue at sentencing or in a motion to reconsider and modify sentence; (3) "whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal" pursuant to Pa.R.A.P. 2119(f); and (4) "whether the concise statement raises a substantial question that the sentence is appropriate under the [S]entencing [C]ode." *Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 725 (Pa. Super. 2013) (citation omitted).

Regarding the second requirement, it is well-established that a challenge to the discretionary aspects of a sentence is generally waived if it is not raised either at the sentencing hearing or in a post-sentence motion. ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013); ***see also Commonwealth v. Cartrette***, 83 A.3d 1030, 1042-43 (Pa. Super. 2013) (*en banc*) (holding that appellant waived discretionary aspects of sentence claim by failing to preserve it in a post-sentence motion or at sentencing, even though he raised a substantial question).

*

Here, Appellant has met the first and third requirements by filing a timely notice of appeal and including a Rule 2119(f) Statement in her brief to this Court. Appellant's Br. at 14. However, as she concedes, she did not file a post-sentence motion. ***Id.*** at 11-12. As noted above, Appellant also failed to preserve the issue at sentencing. Because she has not satisfied the second requirement, she has failed to invoke this Court's jurisdiction to review the discretionary aspects of her VOP sentence. Accordingly, she has waived both of her claims, and we need not consider whether she raised a substantial question. We affirm her judgment of sentence.

Judgment of Sentence affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/20/2024